**STANOLIND OIL & GAS CO. et al. v.
EDGAR et al.**

**No. 8580.**

Court of Civil Appeals of Texas. Austin.
Oct. 28, 1936.

Rehearing Denied Nov. 18, 1936.

Turner, Rodgers & Winn, of Dallas, for relator Stanolind Oil & Gas Co.

Greenwood, Moody & Robertson, of Austin, for relator Magnolia Petroleum Co.

Powell, Wirtz, Rauhut & Gideon, of Austin, for relator Tidewater Oil Co.

Wilcox & Graves and W. H. Nunn, all of Georgetown, for respondents.

McCLENDON, Chief Justice.

This is an original proceeding in this court in which the relators seek writs of prohibition and injunction against Edgar and the members of the Railroad Commission to restrain Edgar from producing oil

from well No. 3 on a 3.99-acre tract in Gregg county, and to prohibit the commission from granting Edgar a permit to drill and operate the well and from issuing to Edgar tenders for oil produced from such well. The application is predicated upon the assertion that the relief sought is essential to protect the jurisdiction and enforce the judgment of this court in cause No. 8292, Edgar et al., Appellants v. Stanolind Oil & Gas Company et al., Appellees, the opinion in which is reported in 90 S. W.(2d) 656 (error refused). The history of the controversy is set forth in that opinion and in the earlier opinion in Magnolia Petroleum Co. v. Edgar (Tex.Civ.App.) 62 S.W.(2d) 359 (error refused), and need not be repeated here. The well in question is the same as that involved in cause No. 8292, wherein this court affirmed a judgment of the trial court, which set aside a commission order granting Edgar a permit to drill the well as an exception to spacing rule 37, and perpetually enjoining him from producing oil from the well. Appellants applied to the Supreme Court for a writ of error which was refused March 18, 1936, and motion for rehearing overruled July 22, 1936. Five days later Edgar renewed his application with the commission, which, after notice and hearing, was granted September 11, 1936.

Edgar's application to the commission is predicated upon allegations to the effect that the situation has materially changed since his original application was refused and his second application (that involved in cause No. 8292) was granted, and that well No. 3 is essential to protect his vested right to a fair share of the oil under his lease.

It will be observed that our affirmance of the trial court's judgment was rested upon three separate and distinct grounds: (1) That the commission was without power to grant the permit because there was then pending in the district court of Travis county a suit by Edgar to set aside the commission's prior order refusing a permit; (2) that the tract in question had been voluntarily segregated from a larger tract after rule 37 was in force in the field; and (3) that the other two wells on the tract were sufficient to protect Edgar's vested rights.

■ It is earnestly insisted by respondents that since it was adjudicated in cause No. 8292 that the commission's order was void because of the pendency of Edgar's suit to set aside the former order, our holdings upon the other two grounds became immaterial, and upon the final disposition of that case the commission became reinvested with authority to entertain another application based upon a material change in condition since the first application was denied. In this we cannot agree. All three of the grounds were litigated in the trial court and in this court; and the Supreme Court by refusing the application for writ of error, put its stamp of approval upon our opinion as well as upon our judgment.

■ "Where an appellate court places its decision on two or more distinct grounds, each is as much an authoritative determination as the other, and neither can be disregarded as obiter dictum." Casparis v. Casualty Co. (Tex.Civ.App.) 65 S.W.(2d) 404, 406 (error refused), quoting with approval from a California case (King v. Pauly, 159 Cal. 549, 115 P. 210, Ann.Cas. 1912C, 1244).

If our judgment had been rested only upon the first and third grounds, an entirely different situation would be presented; and it may be conceded, arguendo, that the commission would have power to entertain another application based upon a material change in conditions. But the second ground adjudicated Edgar's right to well No. 3 under conditions then or thereafter existing under rule 37. There was therefore nothing left within the commission's powers or jurisdiction to pass upon.

■ That this court has the power, and the consequent duty, to grant the relief prayed for when necessary to protect its jurisdiction and enforce its judgments has been repeatedly held in this state. Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.(2d) 1087; Halbrook v. Quinn (Tex.Civ.App.) 286 S.W. 954; Life Ins. Co. v. Sanders (Tex.Civ.App.) 62 S.W. (2d) 348; Yount-Lee Oil Co. v. Fed. Crude Oil Co. (Tex.Civ.App.) 92 S.W.(2d) 493.

■ Respondents contend that relators have an adequate remedy at law by appeal from the commission's order. Manifestly, such remedy is wholly inadequate since Edgar could continue production from the well until such suit was finally disposed of, as he did by superseding the judgment in cause No. 8292.

■ Respondents further contend that relators have an adequate remedy at law by proper proceeding to enforce the judgment in cause No. 8292. In this we agree.

224

The commission's order granting the permit and any tenders issued thereunder are void, in that they are in violation of the judgment of this court in cause No. 8292. Any further restraining or prohibitory orders of this court would therefore be supererogatory.

The commission's order and any tenders thereunder are hereby decreed to be void, and afford no protection against the enforcement of the judgment in cause No. 8292. The injunction and prohibitory relief sought is hereby denied for the reasons above stated. The costs of this proceeding are taxed against respondent Edgar.

Relief denied.