**GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS et al. v. MARSHALL et al.**

**No. 2438.**

Court of Civil Appeals of Texas. Waco.

Dec. 18, 1941.

Rehearing Denied Jan. 8, 1942.

Thompson, Knight, Harris, Wright & Weisberg and J. Hart Willis, all of Dallas, and Clarence Weisell, of Cleveland, Ohio, for relators.

McGown, McGown, Godfrey & Logan, of Fort Worth, and Davis, Jester & Tyson, of Corsicana, for respondents.

RICE, Chief Justice.

This is an original proceeding brought in this court by Grand International Brotherhood of Locomotive Engineers, an unincorporated voluntary association, and others not necessary to mention, as relators, complaining of Judge H. F. Kirby, Judge of the 77th Judicial District Court of Freestone County; W. H. Marshall; L. A. Latham; J. A. Youngblood and U. L. Hippel, and the attorneys for said last named individuals, as respondents, praying that this court issue its writ of prohibition enjoining Judge Kirby and all the respondents from proceeding further in Cause No. 1828-A, styled J. A. Youngblood, et al, v. Chicago, Rock Island & Gulf Railway Company, et al. pending in said District Court of Freestone County, and from

prosecuting or attempting to prosecute any other suit, contrary to the rights of relators herein as determined by this court in its judgment entered pursuant to its opinion in the case of Grand International Brotherhood of Locomotive Engineers et al. v. Walter Marshall et al., reported in Tex.Civ.App., 146 S.W.2d 411; ordering said Cause No. 1828-A dismissed from the docket of said District Court of Freestone County; empowering the railroad defendants in said Cause No. 1828-A to proceed in accordance with the above mentioned judgment of this court; and that respondents be perpetually prohibited from in any manner interfering with any of the rights vested by virtue of said judgment.

Respondents and relators, through their respective attorneys, appeared before this court at the hearing had on said application; and thereupon this court, for the purpose of keeping in statu quo the subject matter of this litigation pending a final decision, issued its temporary writ of prohibition.

Cause No. 1828-A, wherein J. A. Youngblood, U. L. Hippel, W. H. Marshall and J. A. Latham, for themselves and others similarly situated, are plaintiffs, and the Chicago, Rock Island & Gulf Railway Company, Burlington-Rock Island Railroad Company and the Fort Worth & Denver City Railroad Company are defendants, was filed in the District Court of Freestone County on July 7, 1941, for the purpose of enjoining the defendants therein from substituting locomotive engineers of the defendant Chicago, Rock Island & Gulf Railway Company in place of locomotive engineers of the Burlington-Rock Island Railroad Company in the service of either of the passenger trains known as the "Zephyr" and the "Rocket", and from doing, or causing to be done, anything which would interfere with the asserted rights of plaintiffs to exclusively man, as locomotive engineers, all locomotives in the service of the Burlington-Rock Island Railroad Company.

The petition in Cause No. 1828-A having been presented to the Honorable H. F. Kirby in chambers, he, without a hearing, issued a temporary restraining order directed to the defendants therein named, granting plaintiffs the relief prayed for and ordering defendants to appear before him on August 4, 1941, and show cause why the injunction prayed for should not be granted until final decree was entered in said cause.

Relators filed their application for writ of prohibition in this court on July 10, 1941; and the stay order above mentioned was entered on the 24th day of July, 1941.

Respondents' cause of action, as set forth in their petition in Cause No. 1828-A, is substantially that: they are locomotive engineers employed by defendant Burlington-Rock Island Railroad Company on its Teague-Fort Worth division, and sue for themselves and all other engineers of said Burlington-Rock Island Railroad Company in said division; that they, except J. A. Youngblood, are members in good standing of the Grand International Brotherhood of Locomotive Engineers, an unincorporated association; that beginning in 1908, the Trinity & Brazos Valley Railway Company, corporate predecessor of the Burlington-Rock Island Railroad Company, operated passenger and freight service from Teague to Waxahachie over its own lines and from there by lease agreement over the M. K. & T. Railway Company's lines to Dallas, thence over the Chicago, Rock Island & Gulf Railway Company's lines to Fort Worth, all of said trains being operated exclusively by said Burlington-Rock Island Railway Company's employees. That effective as of August 8, 1925, the Trinity & Brazos Valley Railway Company, acting by John A. Hulen, Receiver, entered into a contract with the locomotive engineers of such company covering all phases of the employer-employee relationship existing between the company and the engineers operating its trains. That in 1930 the Burlington-Rock Island Railroad Company, through a reorganization, acquired the assets of the T. & B. V. Railway Company and the name of the latter road was changed to that of Burlington-Rock Island Railroad Company. That as part of such re-organization, the Burlington-Rock Island assumed and agreed to be bound by all labor and collective bargaining agreements existing between the T. & B. V. Railway Company and its employees. That since the date of the contract of August 8, 1925, the T. & B. V. Railway Company and its successor, the Burlington-Rock Island Railroad Company, and all of the locomotive engineers working for said companies, regardless of their membership in the Grand International Brotherhood of Locomotive Engineers, have recognized such contract as a binding agreement between the parties covering the employer-employee relationship. That by

the terms of said contract, the defendant Burlington-Rock Island Railroad Company agreed with each of its individual engineer employees that only Burlington-Rock Island Railroad Company's locomotive engineers would man the trains of said company, and that the rights existing between the individual locomotive engineers as employees of the Burlington-Rock Island would be governed by the seniority rights recognized by said contract. They further alleged that on June 1, 1931, the Burlington-Rock Island Railroad Company, as lessor, entered into a lease agreement with the Chicago, Rock Island & Gulf Railway Company and the Fort Worth & Denver City Railway Company, by which lessor leased to lessees its lines of railroad from Teague to a connection with the M. K. & T. Railroad Company at Waxahachie, together with the other assets of lessor. That lessee railroad companies have continued the operation of the Burlington-Rock Island service, using the latter's facilities between Teague and Fort Worth. That by reason of the terms of said lease agreement, and the method of operation continued by said lessees, the latter became bound by the terms of the collective bargaining agreement of August 8, 1925. That after June 1, 1931, passenger·service was re-inaugurated in the name of the Burlington-Rock Island Railroad Company on the Fort Worth-Teague division, and two modern passenger trains known as the "Zephyr" and the "Rocket" were put into service; and that thereupon, as provided by the collective bargaining agreement of August 8, 1925, locomotive engineers of the Burlington-Rock Island Railroad Company were bulletined to man and have manned all runs made by such trains between Teague and Fort Worth. That said two trains are managed in turn by the Fort Worth & Denver City Railway Company and the Chicago, Rock Island & Gulf Railway Company, but in fact such passenger service is that of the Burlington-Rock Island Railroad Company, and plaintiffs, and those on whose behalf said suit is brought, under the terms of said collective bargaining agreement of August 8, 1925, have, as against the defendants in said cause, the exclusive right to man such trains as locomotive engineers on the Teague-Fort Worth division. That locomotive engineers of the Chicago, Rock Island & Gulf Railway Company, by reason of the fact that the latter company owns 34 miles of the line from Teague to Fort Worth over which the "Zephyr" and "Rocket" are operated, contend that they are entitled to man ⅓ of the runs of these two trains; that such claimants have made threats against the Chicago, Rock Island & Gulf Railroad Company, operating said Burlington-Rock Island Company's trains under a management contract, and that because of such threats and also by reason of demands of the Brotherhood of Locomotive Engineers, the Chicago, Rock Island & Gulf Railway Company, for itself and for the other defendants, has agreed to assign its locomotive engineers to man ⅓ of the runs made by the two passenger trains above mentioned between Fort Worth and Teague; that such agreement, if carried out, will be a material violation of plaintiffs' exclusive rights to man such runs, causing them irreparable loss.

It is the contention of Relators that the determining and controlling issues in said Cause No. 1828-A are the same and identical issues presented to and determined by this court in the case of Grand International Brotherhood of Locomotive Engineers et al. v. Walter Marshall et al. in the two appeals thereof (the opinions rendered in said cause by this court being published in 119 S.W.2d 908 and 146 S.W.2d 411); that by the prior judgments of this court in said cause, the rights of the Respondents, as well as those occupying a status similar to theirs, were established, and that the rights and responsibilities of Relators were likewise established; that if Respondents successfully prosecute Cause No. 1828-A, the result will be the divesting of rights, on the same identical issues, fixed by this court in the prior litigation above mentioned.

In support of their contention, relators detail the history of the litigation on the two trials of said cause of Grand International Brotherhood of Locomotive Engineers et al. v. Walter Marshall et al. in the District Court of Freestone County and in this court. Justice James P. Alexander, in writing the two opinions of this court in said cause, has therein so clearly and so tersely stated the controlling issues of fact and of law involved in said litigation, that for the sake of brevity reference is here made to each of said opinions.

This court has held that there was no material difference in the records in the first and second appeal of the Marshall cases above mentioned. This prior liti-

gation, in the nature of a class suit, was instituted by Walter Marshall and R. L. Strong, as plaintiffs, against Grand International Brotherhood of Locomotive Engineers, an unincorporated voluntary association, and others not necessary to mention, including all employees of the railway companies involved asserting claims in conflict with the asserted rights of plaintiffs. These last mentioned defendants were sued as a class by making defendants herein their alleged representatives, the Brotherhood, its local divisions, and the officials of such Brotherhood. The purpose of this suit was to enjoin the Brotherhood and other defendants from interfering with the plaintiffs' alleged seniority rights, as railway engineers, to exclusively man the passenger runs on the "Zephyr" and the "Rocket" between Fort Worth and Teague over connecting lines of the Chicago, Rock Island & Gulf Railway Company, M. K. & T. Railway Company and the Burlington-Rock Island Railroad Company. They further pleaded that they were members of the defendant Brotherhood and that the employees of the Chicago, Rock Island & Gulf Railway Company were asserting claims to a portion of the runs on the above mentioned trains in conflict with the exclusive rights of plaintiffs thereto; that the Brotherhood, and other defendants, were illegally attempting to oust plaintiffs from such exclusive train service by granting some of the runs claimed by them to the employees of the Chicago, Rock Island & Gulf Railway Company.

J. A. Youngblood intervened, adopting all of the allegations of plaintiffs, save and except he stated he was not a member of the Brotherhood of Locomotive Engineers.

All of the parties who were made defendants in the prior Marshall cases bring this suit as Relators, except certain officials of the railroads involved, who were sued individually and in their official capacities, and who were either dismissed from said suit because of lack of service or filed disclaimers therein. The railway companies involved were not made parties defendant to said litigation, and because of such failure, the defendants therein presented their plea in abatement, urging that the railways were necessary parties. This contention was overruled in the trial court, and such action of the trial court was sustained, at least inferentially, by this court. Marshall and his co-plaintiff expressly pleaded in said prior litigation that

the Chicago, Rock Island & Gulf Railway Company and the Burlington-Rock Island Railroad Company were willing to give effect to all of the rights asserted by plaintiffs and others similarly situated, but that defendants had arbitrarily ignored plaintiffs' exclusive right to man the runs in question. In sustaining this position, the plaintiffs in such former litigation said in their brief filed in this court: "The railroads were not necessary parties because the facts showed that it is the function of the Brotherhood to assign men to the various train services under their contract with the railroads." It was the contention of plaintiffs in such prior litigation, as we gather it from their briefs and pleadings, that their seniority right is one of the primary terms and provisions of the verbal contract of employment between the railroad and its employees, and such rights did not accrue to them because of any contract with or membership in the Brotherhood, but was independent of such membership. They further contended, in respect to their seniority rights and contract of employment "that by years of mutual understanding and custom, which * * * is a part of every contract of employment between the railroad and an employee, the employee is assured the day he begins working for the railroad that he shall always be entitled to man the trains in relation to the length of time all others engaged in similar employment have worked in the service."

After a careful analysis of the pleadings of respondents in Cause No. 1828-A, the pleadings of the parties, and the records in both appeals in said cause of Grand International Brotherhood of Locomotive Engineers et al. v. Walter Marshall et al., together with the two opinions rendered by this court in said cause, we are of the opinion that the position taken by Relators is correct, and that they are entitled to the relief prayed for.

The agreement of August 8, 1925, pleaded and relied on by respondents as the basis of the exclusive rights asserted by them to the runs for which they contend in Cause No. 1828-A, was introduced in evidence and was a part of the record in the second appeal of the above mentioned cause of Grand International Brotherhood of Locomotive Engineers et al. v. Walter Marshall et al. This agreement purports to have been executed by John A. Hulen, Receiver,

and accepted by the Brotherhood of Locomotive Engineers by its Chairman, and other parties therein named. The last article of this agreement recites that the said John A. Hulen, Receiver, and the General Committee of Adjustments of the Brotherhood of Locomotive Engineers understand "that the foregoing rules and regulations pertaining to the pay and government of all engineers shall be in force on and after August 8, 1925, and will not be changed without thirty days written notice."

This court held in the Walter Marshall et al. case above mentioned that while seniority is determined by the length of service of each employee for the railway company by which he is employed, and not by membership in the association, yet such seniority rights are preserved and protected exclusively by the Brotherhood; and that but for the Brotherhood, their seniority rights would be worthless. It was further held that the Brotherhood had jurisdiction of and the legal right to regulate and readjust, under the facts stated, the conflicting claims of its members to the right to man as locomotive engineers the runs on the "Zephyr" and the "Rocket" between Fort Worth and Teague; that the decision rendered by the Brotherhood on August 29, 1937, awarding ⅔ of these runs to the Burlington-Rock Island employees and ⅓ thereof to the employees of the Chicago, Rock Island & Gulf, was fair and equitable. In the unpublished memorandum opinion rendered in the last appeal of the Marshall case, dated December 31, 1940, this court further held that J. A. Youngblood, not being a member of the Brotherhood, could assert no seniority rights against either the Brotherhood or the railroad company. In reaching these conclusions the court had, in the record before it, and must have construed, the above mentioned contract of August 8, 1925.

It appears to us that there is no substantial difference between the cause of action asserted by Marshall and others in the prior litigation and that asserted by the said Marshall and others in Cause No. 1828-A, pending in the District Court of Freestone County. The result sought in both cases is the same: to establish in themselves the exclusive right to man the runs in question. The controlling issues of fact and of law in respect to this contention have been decided adversely to respondents by this court, and writ of error denied by the Supreme Court.

Respondents cannot now be permitted to re-litigate their asserted rights to the runs in question, and which were vested in defendants to the former litigation by the judgment of this court, by the expedient of establishing their asserted rights to these runs against the named railway companies, thereby accomplishing indirectly and collaterally that which they could not accomplish directly. Respondents cannot now take the inconsistent position that their cause of action is against the railway defendants, having urged successfully before this court that such railway companies were not necessary parties in the former litigation, but on the contrary, were mere stakeholders.

It is evident from respondents' pleadings in Cause No. 1828-A that the same was filed for the sole purpose of preventing, by injunction, the Chicago, Rock Island & Gulf Railroad Company from carrying into effect the decision of the Brotherhood above mentioned, awarding ⅓ of the runs in controversy to its employees, which decision was upheld by the judgment of this court; and that such result, if achieved, would necessarily obstruct and interfere with the due enforcement of the judgment of this court in the due exercise and preservation of the rights which it established; and therefore is an invasion of this court's jurisdiction. This court has the legal right, and the corresponding duty, to protect its jurisdiction and to enforce its judgments. Article 1823, Revised Civil Statutes, 1925; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; Cattlemen's Trust Co. of Fort Worth v. Willis, Tex.Civ.App., 179 S.W. 1115; Stanolind Oil & Gas Co. v. Edgar, Tex.Civ.App., 98 S.W.2d 222, 223; Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087; Halbrook v. Quinn, Tex.Civ.App., 286 S.W. 954; Life Insurance Co. of Virginia v. Sanders, Tex.Civ.App., 62 S.W.2d 348; Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex. Civ. App., 92 S.W.2d 493; City of Palestine v. City of Houston, Tex.Civ.App., 262 S.W. 215; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663.

It is therefore ordered that each of respondents be, and they are hereby, prohibited and enjoined from further prosecuting said Cause No. 1828-A, pending in the District Court of Freestone County,

Texas, and said cause is ordered dismissed from the docket of said court; and respondents are further prohibited and enjoined from prosecuting any other suit or cause of action contrary to the rights of relators herein as determined by the former judgment of this court above referred to, and from in any manner interfering with the rights of relators' as fixed and determined by said judgment.