## STATE et al. v. MILLER et al.
### No. 2628.

Court of Civil Appeals of Texas. Waco.

Oct. 19, 1944.

Grover Sellers, Atty. Gen., George W. Barcus, Asst. Atty. Gen., Hill & Franki and Strickland, Ewers and Wilkins, all of Mission, and Brewer, Matthews, Nowlin and MacFarlane, of San Antonio, for relators.

D. W. Glasscock, of Austin, Kelley and Looney, of Edinburg, and Chas. E. Thompson, of McAllen, for respondents.

HALE, Justice.

This is an original proceeding instituted directly in this court on application for writs of prohibition and injunction. The State of

Texas, Hidalgo County Water Control and Improvement District No. 12 and the members of its Board of Directors, joint relators in the application, seek such writs against the Hon. J. D. Moore as Judge of the 98th District Court and S. L. Miller as plaintiff in Cause No. 67782, styled S. L. Miller v. Hidalgo County Water Control and Improvement District No. 12 et al., now pending in the 98th District Court, commanding respondents to desist from any further proceedings in said cause except to dismiss the same at the cost of Respondent Miller. As grounds for the relief sought relators assert upon extensive allegations of fact duly verified that Respondent Miller is wrongfully attempting in said Cause No. 67782 to relitigate issues finally determined by this court in its Cause No. 2441, that the prosecution of the pending suit in the 98th District Court is a violation of this court's injunction and an interference with its jurisdiction and judgment in the prior suit and that they have no other adequate remedy against the wrongs complained of.

Hon. J. D. Moore as judge of the 98th District Court has entered his appearance herein, agreeing that this court may take submission of the cause without further notice to him and enter such judgment as it deems proper. Respondent Miller has filed his answer in which he admits the material facts alleged in the application but denies the legal conclusions asserted by relators as grounds for the relief sought. The cause arising on the issues thus drawn has been submitted on the briefs and oral arguments of the interested parties.

For a general statement of the issues involved and decided by this court in the prior suit we refer to the opinion handed down therein. See: Miller et al. v. State ex rel. Abney et al., 155 S.W.2d 1012, error refused.

On December 31, 1942, after the judgment of this court had become final in its Cause No. 2441 next above referred to, Respondent Miller deposited with the clerk of the 98th District Court his original petition which the clerk immediately filed under Cause No. 67782 but at the request of respondent's attorneys no citation was issued on the petition until July 18, 1944. Upon the service of citations the District and its Board of Directors duly filed their pleas of privilege to be sued in Hidalgo County and such pleas with the controverting affidavits thereto were apparently pending in the 98th District Court undisposed of when the present proceeding was instituted in this court on August 8, 1944.

Respondent Miller alleges in his petition in said Cause No. 67782, among other things, in substance as follows: that in filing the action declared upon as a class suit he is acting for himself individually and as the representative of others similarly situated; that on April 28, 1930, the District lawfully issued $1,265,000 of construction bonds which were pledged as security for the payment of $650,000 of interim bonds; that thereafter the State Board of Water Engineers, with the acquiescence of the landowners in the District, issued a water permit to one J. T. Franklin who sold the same to O. O. Norwood; that Norwood then sold and conveyed the water permit to the District in consideration of $650,000 of interim bonds; that the right evidenced by such permit was of an actual value at the time of its transfer of not less than $650,000; that he, Miller, had acquired the larger portion of the interim bonds in good faith and in due course of trade for a valuable consideration, relying upon the fact that the interim bonds were represented to be valid and subsisting obligations of the District and that their payment was secured by the valid and subsisting construction bonds; that the interim bonds had been finally and fully adjudicated to be invalid by action of the courts of Texas; and that if the water permit is not now valid and subsisting, or if it is not now of the value of $650,000 then its invalidity or depreciated value is due to negligence and wilful acts of omission on the part of the District. He prays (1) that he be permitted to recover, for himself and those for whom he sues, the construction bonds which were pledged as security for the payment of the interim bonds; or (2) that he be granted an equitable lien against the construction bonds, that the construction bonds be sold and the proceeds therefrom be applied to the payment of the purchase price of the water permit; or (3) that he be granted a money judgment for the value of the water permit; or (4) that he recover title and possession of the permit; and (5) for such other relief as he may be entitled to.

Since the subject matter and parties involved in the present proceeding is directly interrelated to the subject matter and parties involved in this court's Cause No. 2441, it is the prerogative and duty of this court in the present proceeding to take judicial notice of its own records and proceedings

in the prior cause. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Victory v. State, 138 Tex. 285, 158 S.W.2d 760, pts. 1–3; Hake v. Dilworth, Tex.Civ. App., 54 S.W.2d 583, pts. 3 and 4; McCor-. mick and Ray, Texas Law of Evidence, sec. 98, pp. 160, 161.

■ Furthermore, when the Supreme Court of Texas refused application for a writ of error to review the judgment of affirmance by this court in its Cause No. 2441, the judgment of the trial court thereupon became the final judgment of this court and as such it is now properly enforceable in its entirety by any appropriate writ to be issued by this court. Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087, pts. 4 and 5; Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, point 6; Grand International Brotherhood of Locomotive Engineers v. Marshall, Tex.Civ.App., 157 S.W.2d 676; Farmers State Bank of Meridian v. National Fire Ins. Co. of Hartford, Conn., Tex.Civ.App., 169 S.W.2d 545, pts. 5 and 6.

Respondent Miller concedes the correctness of the foregoing propositions of law but he contends that under a proper. construction of the prior judgments and of the petition declared upon by him in said Cause No. 67782 he is not now attempting in the pending suit to relitigate any of the ultimate issues finally determined by this court in the prior proceedings. He insists, on the contrary, that his asserted cause of action in the 98th District Court assumes and concedes as binding upon him and those for whose benefit he sues the full scope and legal effect of all final judgments in the former litigation and that he bases his presently asserted rights upon and as arising and existing out of and from such former judgments. He does not cite any authority in support of the contentions thus urged and we have found none. After due consideration of the arguments advanced in support of his contentions we find ourselves wholly unable to agree with any of the ultimate conclusions sought to be drawn therefrom for reasons which we shall note briefly.

■ Although the validity of the construction bonds in the sum of $1,265,000 was not directly involved in the prior suit, the water permit and all of the attendant circumstances under which it was gratuitously issued to Franklin by the State Board of Water Engineers for the benefit of the landowners of the District and thereafter assigned to Norwood and by him transferred to the District was directly involved in the former litigation and the adjudicated facts with respect thereto entered into and formed an independent basis for the judgment which this court rendered therein. We affirmed the judgment of the trial court, as is manifest from the written opinion, upon two separate grounds, viz.: (1) We were of the opinion that the pleadings and evidence were sufficient to warrant the trial court in finding that the interim bonds were illegally issued and delivered to Norwood pursuant to a fraudulent conspiracy and that the holders of the interim bonds, by reason of their knowledge and notice of the fraudulent conspiracy, were not holders in due course; and (2) we were of the further opinion that the interim bonds were void because issued in violation of certain provisions of the Constitution of Texas. It is quite clear to us that respondent's asserted cause of action now pending in the 98th District Court is necessarily grounded in part upon the indispensable allegation that he had acquired the interim bonds in good faith and in due course of trade. Moreover, in the absence of any allegation that he was formerly the owner of interim bonds issued by the District he would show no justiciable interest in the subject matter of the suit presently declared upon. But this court, by affirming the judgment of the trial court in its cause No. 2441, has permanently enjoined respondent from setting up or asserting any rights under or by virtue of the interim bonds and has finally settled the issue as to whether respondent did or did not acquire the interim bonds in good faith and in due course of trade. Hence we are impelled to hold that respondent is in fact and in law attempting in said cause No. 67782 to relitigate issues which have been finally determined by this court and that the further prosecution of the pending suit in the 98th District Court would constitute a violation of this court's injunction and an interference with its judgment and jurisdiction in the prior suit. Under such circumstances this court undoubtedly has the power, through writs of prohibition or other appropriate process, to preserve and enforce its own jurisdiction and judgment and thereby secure to relators the benefits thereof. Art. 1823, Vernon's Tex.Civ.Stats.; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; Magnolia Petroleum Co. v. McLean, 131 Tex. 585, 117 S.W.2d 417; Sparenberg v. Lattimore, 134 Tex. 671, 139

S.W.2d 77; Browning-Ferris Mach. Co. v. Thomson, Tex.Civ.App., 55 S.W.2d 168; Phillips Petroleum Co. v. Trigg, Tex.Civ. App., 157 S.W.2d 411.

Relators say it is the desire and intention of the District to effect its dissolution as speedily as may be done under the provisions of Arts. 7880—77b and 7880—77b1 of Vernon's Tex.Civ.Stats. It is provided in Sec. 19 of said Art. 7880—77b1 that no water control and improvement district shall avail itself of the provisions thereof until all litigation pending at the time of the effective date of the statute shall have been disposed of by final judgment. This statute became effective while said Cause No. 67782 was pending. Under the lamentable facts and sweeping adjudication clearly apparent upon the face of the proceedings in our Cause No. 2441 and upon the record in the present proceeding, we are forced to the conclusion that it is the positive duty of this court in the exercise of its sound judicial discretion not only to protect and enforce its jurisdiction and judgment in the prior suit but also to relieve relators effectively from being further burdened with this unfortunate litigation. Wells v. Littlefield, 62 Tex. 28; Birchfield v. Bourland, Tex.Civ. App., 187 S.W. 422, pt. 12; Life Ins. Co. of Virginia v. Sanders, Tex.Civ.App., 62 S.W. 2d 348, pt. 3; Stanolind Oil & Gas Co. v. Edgar, Tex.Civ.App., 98 S.W.2d 222, pt. 5; Snelson v. Drane, Tex.Civ.App., 134 S.W. 2d 445, pts. 8–10; O K Theatres, Inc., v. Johnson, Tex.Civ.App., 145 S.W.2d 628, pts. 5 and 6.

Therefore, the application of relators is granted and the clerk is directed to issue the writs of prohibition and injunction as prayed for therein and to tax all costs of this proceeding against respondent Miller.