NO. 07-01-0071-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL E



NOVEMBER 8, 2004


______________________________




RICHARD O. HARRIS, INDIVIDUALLY AND AS TRUSTEE OF 


RICHARD O. HARRIS PROFIT SHARING TRUST, APPELLANT



V.



RICHARD K. ARCHER, M.D., INDIVIDUALLY AND AS TRUSTEE OF 


THE RICHARD K. ARCHER, M.D., P.A. PROFIT SHARING PLAN & TRUST


AND REBA LAND, INC., APPELLEES AND CROSS-APPELLANTS



V. 



STEVE W. STERQUELL, INDIVIDUALLY AND AS TRUSTEE OF


STEVE W. STERQUELL PROFIT SHARING TRUST, CROSS-APPELLEES



_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 40,125-A; HONORABLE HAL MINER, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J. (1)

ORDER


 Pending before the Court is a Motion to Review Excessiveness of Security and for
Temporary Relief filed by Richard K. Archer, Individually and as Trustee of the Richard K.
Archer, M.D., P.A. Profit Sharing Trust (collectively, "Archer") and Reba Land, Inc. Archer
and Reba seek relief from a trial court order increasing the amount of security required to
suspend enforcement of this court's judgment, pending appeal to the Texas Supreme
Court. See Tex. R. App. P. 24. (2) We deny relief. 

 Steve W. Sterquell, Individually and as Trustee for the Steve W. Sterquell Profit
Sharing Plan (collectively, "Sterquell") and Richard O. Harris, Individually and as Trustee
of the Richard O. Harris Profit Sharing Trust (collectively, "Harris"), sued Archer and Reba. 
Following jury trial, judgment was entered in favor of Sterquell for $916,635.22; a take-nothing judgment was entered as to Harris. Archer and Reba superseded Sterquell's
judgment and appealed. Harris appealed the take-nothing judgment. 

 On appeal, this court reduced the judgment in favor of Sterquell to $574,424 and,
as reduced, affirmed. Harris's take-nothing judgment was reversed and judgment was
rendered for Harris in the amount of $574,424. See Harris v. Archer, 134 S.W.3d 411
(Tex.App.-Amarillo 2004, pet. filed). Archer and Reba filed a petition for discretionary
review in the Texas Supreme Court, which remains pending. Mandate as to our judgment
has not been sought, and none has issued. See TRAP 18.1(a),(c). 

 Subsequent to the filing of petition for discretionary review in the Supreme Court by
Archer and Reba, and after this court lost plenary power over its judgment, the trial court
entered an order reciting that it held a hearing, reviewed evidence, and found that, "[T]he
decision of the court of appeals, and the post-judgment interest that has accrued since the
date of the judgment, constitute a change of circumstances which warrants modification
of the amount of security to suspend enforcement of judgment heretofore deposited by
[Archer and Reba]." The order specified an increased amount of security required of
Archer and Reba in order to suspend enforcement of judgment. Archer and Reba move
for appellate review of the order pursuant to TRAP 24.4(a) and (c). 

 Having granted temporary stay of the trial court's order, we now consider the
additional relief Archer and Reba request: (1) staying of all efforts to collect on the
judgment pending further proceedings; (2) remand to the trial court for entry of findings of
fact; and (3) after entry of findings of fact, entry of a scheduling order for full briefing on the
merits. (3) 

 The complaint Archer and Reba make as to the trial court's order is that it requires
them to post security to prevent enforcement of this court's judgment in favor of Harris
even though no mandate has issued. They argue that the trial court abused its discretion
by acting contrary to controlling law in making its order, see TRAP 24.4(a)(5), because the
appellate court judgment is not final until mandate issues. Based upon their premise that
the appellate judgment is not final until mandate issues, Archer and Reba further reason
that Harris cannot execute on the appellate court judgment and the trial court cannot
require security to be posted for something which does not exist. Archer and Reba rely on
State v. Miller, 183 S.W.2d 278 (Tex.Civ.App.-Waco 1944, no writ), and In re Long, 984
S.W.2d 623 (Tex.1999), for support. They cite Miller for the proposition that the judgment
of a court of appeals is not a final judgment while the appeal is pending before the
Supreme Court, and Long for the proposition that neither a trial court judgment nor the
modification of that judgment by a court of appeals can be enforced until all appeals
relating to the judgment are exhausted and mandate enforcing the appellate court
judgment is issued. 

 In Miller, the question was whether the appellate court should issue a writ of
prohibition and an injunction to prevent what the relators urged was a trial court proceeding
re-litigating issues determined in a previous suit between the parties. The court of appeals
noted that its affirmance of the trial court judgment in the prior suit became a final judgment
of the court of appeals when the Supreme Court refused application for writ of error, and
that once the appellate judgment became final it was enforceable by any appropriate writ
which the court of appeals was authorized to issue. Miller, 183 S.W.2d at 280. 

 In Long, the trial court enjoined the Dallas County District Clerk from collecting
certain types of fees as filing fees. The Clerk appealed. The notice of appeal filed by the
Clerk operated as a supersedeas bond. Id. at 625. As relevant to this proceeding, the
court of appeals modified the injunction and, as modified, affirmed it. Dallas County v.
Sweitzer, 881 S.W.2d 757, 771 (Tex.App.-Dallas 1994, writ denied). Sweitzer's
application for writ of error was denied by the Supreme Court. The court of appeals
subsequently issued mandate which contained an order enjoining the Dallas County
District Clerk from collecting certain filing fees. The trial court later held the Clerk in
contempt for collecting fees which the court of appeals had adjudged improper. The
Supreme Court held that the Clerk could not be held in contempt for collecting the filing
fees before the court of appeals issued mandate. Long, 984 S.W.2d at 626.

 Long and Miller are inapposite. The matter now before us does not present the
question of whether our judgment is final for the purpose of precluding a subsequent suit
between Archer, Reba, Sterquell and Harris, as was the issue in Miller. And, in Long there
was no dispute about how the type or amount of security to supersede judgments of the
trial and appellate court was determined. The question was at what point, if any, the Clerk
violated a court order to stop collecting the filing fees in question.

 Contrary to the contention of Archer and Reba, issuance of mandate by an appellate
court is not necessary to render its judgment final. See Universe Life Ins. Co. v. Giles, 982
S.W.2d 488, 491 (Tex.App.-Texarkana 1998, pet. denied). Mandate is official notice of
the appellate court action to the court below, advising it of the action of the appellate court
and directing that the appellate court's judgment be recognized and obeyed. The rules
concerning mandate are procedural, and are not necessary to jurisdiction of the trial court
to take further action. Id. 

 Moreover, a judgment creditor is not required to wait until a judgment becomes final
by the exhaustion of all appeals before having execution issued. Once a judgment is final
for purposes of appeal, the creditor is generally entitled to have the judgment enforced and
execution issued. See Tex. R. Civ. P. 627; Hood v. Amarillo Nat'l Bank, 815 S.W.2d 545,
548 (Tex. 1991). But, it is the policy of this state to allow enforcement of the judgment to
be suspended pending appeal, provided the judgment creditor is secured against loss
which might be suffered through an unsuccessful appeal. See Bryan v. Luhning, 106
S.W.2d 403, 404 (Tex.Civ.App.-Galveston 1937, no writ). 

 The part of our judgment by which we reversed the trial court's take-nothing
judgment as to Harris and rendered judgment for him places Harris in the posture of a
judgment creditor. The trial court did not abuse its discretion in considering our judgment,
which is final for purposes of appeal, as a change of circumstances within the meaning of
TRAP 24.3(a). 

 Archer and Reba do not present a record showing that they requested the trial court
to make findings of fact. (4) Absent a showing of such request, we deem nothing to be
presented for our review as to the matter and decline to direct the trial court to make
findings of fact. See TRAP 33.1(a). And, in view of our conclusion that the trial court did
not abuse its discretion in considering our decision and judgment as a change of
circumstances, we also decline to stay the trial court's order pending further briefing. 

 We vacate our stay of the trial court's order dated August 12, 2004. The relief
sought in the motion presented by Archer and Reba is denied. 

 Phil Johnson

 Chief Justice


Quinn, J., not participating. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Reference to a rule of appellate procedure hereafter will be by reference to
"TRAP_." 
3. We address only arguments made by Archer and Reba which are material to the
relief they request. See TRAP 47.1.
4. Our review is limited because Archer and Reba have not presented a clerk's record
or transcript of the trial court hearing. 


 the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.
1. Borth's last visit with Kelleher was January 3, 1994. Even assuming arguendo that
the limitations period began on this date, her action would still be precluded on January 3,
1996.
2. This proposition has been recently stated in Shah v. Moss, 45 Tex. S. Ct. J. 247,
252-253, 2001 Tex. LEXIS 131 (December 20, 2001).