ACCEPTED
01-13-00853-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/19/2015 11:25:07 AM
CHRISTOPHER PRINE
CLERK

## No. 01-13-00853-CV

**IN THE COURT OF APPEALS**
**FOR THE FIRST DISTRICT OF TEXAS**
**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/19/2015 11:25:07 AM
CHRISTOPHER A. PRINE
Clerk

## DERNICK RESOURCES, INC.

**v.**

## DAVID WILSTEIN AND LEONARD WILSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE LEONARD AND JOYCE WILSTEIN REVOCABLE TRUST

**On Appeal From the 164th Judicial District Court**
**Of Harris County, Texas; Cause No. 2002-31310**

# Reply In Support of
# Emergency Motion to Increase Amount
# of Deposit in Lieu of Supersedeas Bond

Britton D. Monts
Texas Bar No. 14303900
bmonts@themontsfirm.com
THE MONTS FIRM
401 Congress Ave.
Suite 1540
Austin, Texas 78701-3851
Telephone: (512) 474-6092
Facsimile: (512) 692-2981

Tom C. McCall
Texas Bar No. 13350300
tmccall@themccallfirm.com
David B. McCall
Texas Bar No. 13344500
dmccall@themccallfirm.com
THE McCALL FIRM
3660 Stoneridge Road
Suite F-102
Austin, Texas 78746
Telephone: (512) 477-4242
Facsimile: (512) 477-2271

Kendall M. Gray
Texas Bar No. 00790782
kendallgray@andrewskurth.com
Georgia L. Lucier
Texas Bar No. 24043523
georgialucier@andrewskurth.com
Kathryn Boatman
Texas Bar No. 24062624
kathrynboatman@andrewskurth.com
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002-2929
Telephone: (713) 220-3981
Facsimile: (713) 238-7183

ATTORNEYS FOR APPELLEES AND CROSS-APPELLANTS
DAVID WILSTEIN AND LEONARD WILSTEIN, INDIVIDUALLY AND AS
TRUSTEE OF THE LEONARD AND JOYCE WILSTEIN REVOCABLE TRUST

HOU:3601313.3

# TABLE OF CONTENTS

I.     Introduction And Summary ...........................................................1

II.    Arguments And Authorities.........................................................2

III.   Conclusion And Prayer ................................................................6

HOU:3601313.3

# TABLE OF AUTHORITIES

**CASES**

*Black v. Epperson*,
40 Tex. 162 (1874) ........................................................................4

*In re City of Cresson*,
245 S.W.3d 72 (Tex. App.—Fort Worth 2008, no pet.) ........................4

*Edwards Aquifer Auth. v. Chem. Lime, Ltd.*,
291 S.W.3d 392 (Tex. 2009) (Willett, J., concurring) ...................... 1, 2

*Harris v. Sterquell*,
No. 07-01-0071-CV, Order (Tex. App.—Amarillo 2004) ............... 1, 5

*In re Long*,
984 S.W.2d 623 (Tex. 1999) ...............................................................5

*Long v. Castle Tex. Prod. Ltd. P'ship*,
426 S.W.3d 73 (Tex. 2014) ..................................................................3

*Nat'l Convenience Stores, Inc. v. Martinez*,
763 S.W.2d 960 (Tex. App.—Houston [1st Dist.] 1989,
no writ) ...............................................................................................6

*Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart,
Inc.*,
600 F.2d 1189 (5th Cir. 1979) ............................................................6

*Waffenschmidt v. MacKay*,
763 F.2d 711 (5th Cir. 1985) ...............................................................2

**RULES**

Tex. R. App. P. 18.1(a) .............................................................................2

Tex. R. App. P. 24.1. ................................................................................3

Tex. R. App. P. 24.1(a) .............................................................................1

Tex. R. App. P. 24.2(a)(1) ........................................................................3

HOU:3601313.3

Tex. R. App. P. 24.4(a)(1)..................................................................4

Tex. R. App. P. 24.4(b) ...................................................................3

Tex. R. App. P. 51.1(b) ...................................................................2

Tex. R. Civ. P. 301............................................................................3

**OTHER AUTHORITIES**

6 Roy W. McDonald & Elaine A. Carlson,
*Texas Civil Practice* § 14:20 (2d ed. 1998) ........................................ 4, 5

HOU:3601313.3

# I.
# INTRODUCTION AND SUMMARY

A trial court judgment that is still subject to review may nevertheless be enforced unless it is superseded. But Dernick argues that it need not supersede this Court's judgment unless and until it is no longer subject to review—at which point supersedeas is no longer even possible. Little wonder the only court to have considered this question rejected Dernick's argument in an order drafted by current Supreme Court Justice Phil Johnson. *Harris v. Sterquell*, No. 07-01-0071-CV, Order (Tex. App.—Amarillo 2004) (attached as Exhibit A).

There is only one judgment in this (or any other) action. As of now, the only judgment is **this Court's** judgment. Whether or not the trial court would be in a position to enforce the judgment, this Court has jurisdiction to superintend its own judgment. The rules require that "the judgment" be superseded while it is being reviewed. Tex. R. App. P. 24.1(a). Absent that, it is subject to being enforced. As of now, it is not fully secured, and Dernick does not even dispute the calculation. This Court has increased the amount of compensatory damages in the judgment, and Dernick must accordingly increase its deposit in lieu of supersedeas bond by $448,985.59.

Dernick says, "It ain't over 'til it's over," quoting Justice Willett's concurring opinion in *Edwards Aquifer Authority v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 413 (Tex. 2009) (Willett, J., concurring). But

Justice Willett's point was that it *is* over when the mandate issues. There is nothing to supersede. Dernick's argument is circular: it does not have to increase its deposit until after this Court issues its mandate, at which point supersedeas is no longer even possible. The mandate will not issue until the Texas Supreme Court either denies the petition for review or issues its own opinion and judgment. Tex. R. App. P. 18.1(a). At that point, Dernick **cannot** supersede the judgment or avoid execution. Unless the Court is prepared to trade in tautologies and put the Wilsteins' recovery at the mercy of Dernick's ingenuity for avoiding execution, the Court must grant the Wilsteins' motion and enforce the rule.

## II.
## ARGUMENTS AND AUTHORITIES

Dernick argues that the amount of its deposit should not be increased "prior to issuance of the mandate." Resp. at 3. But when the Court issues its mandate, the case is over and enforcement can begin immediately: "the court has closed the book on its review and is once-and-forall finished." *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 413 (Tex. 2009) (Willett, J., concurring). At that point, "the appellate court's judgment must be enforced." Tex. R. App. P. 51.1(b). The Wilsteins would "no longer need a supersedeas bond—they may execute on the judgment." *Waffenschmidt v. MacKay*, 763 F.2d 711, 727 (5th Cir. 1985).

-2-

Dernick essentially argues that there are two judgments in this case: one that is effective (the trial court's), and one that is not (this Court's). But that is contrary to settled law. Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause . . . ."). When the appellate court renders an amended judgment, for example, post-judgment interest accrues on the amount in the amended judgment but is measured from the date of the trial court's judgment, even though it was wrong. *Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 81 (Tex. 2014). The judgment is the one that the trial court should have rendered. So too here: there is one judgment in this case—the trial court's as amended by this Court—and it must be superseded. Tex. R. App. P. 24.1.

Dernick argues to the contrary that, because it suspended the trial court's incorrect judgment, enforcement is suspended throughout the appeal, changed circumstances notwithstanding. *See* Resp. at 6. But again, Dernick is flouting the rules.

For example, Rule 24.4(a)(1) allows the Court to review the sufficiency of the security. Whether the security is sufficient depends on "the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." Tex. R. App. P. 24.2(a)(1). And the Court's review may be based on conditions that changed after the trial court's order. Tex. R. App. P. 24.4(b). That means the Court must review changes in

-3-

the amount of compensatory damages, interest, and costs. Dernick wants the Court to ignore that rule.

Of course, neither Dernick nor Professor Carlson identify exactly what changed conditions would warrant this Court's review of the sufficiency of the bond. *See* 6 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice* § 14:20 (2d ed. 1998). And it is difficult to imagine any. The changes cannot be in the judgment debtor's net worth, because that is a separate question from the sufficiency of the amount. Tex. R. App. P. 24.4(a)(1) ("The appellate court may review the sufficiency . . . of the amount of security, but when the judgment is for money, the appellate court must not modify the amount of security to exceed the limits [based on the judgment debtor's net worth]"). The changed conditions here—an increased amount of compensatory damages and interest—are exactly what the rules require this Court to consider.

Dernick makes much of the fact that a trial court clerk is "without authority to issue execution" until the mandate issues. Resp. at 1 n.2, 3. But in the cases Dernick cites, the clerk was without authority because the judgment debtor **had filed a sufficient supersedeas bond**. *Black v. Epperson*, 40 Tex. 162, 180 (1874).[1] Here, the bond is no longer sufficient.

---

[1] *See also In re City of Cresson*, 245 S.W.3d 72, 74 (Tex. App.—Fort Worth 2008, no pet.) (holding that execution was delayed until the mandate issued

-4-

Indeed, in the only case to have considered this situation, the Amarillo Court of Appeals held—in an order written by current Texas Supreme Court Justice Phil Johnson—that a modified judgment by the intermediate court is a changed condition. *Harris v. Sterquell*, No. 07-01-0071-CV, Order (Tex. App.—Amarillo 2004) (attached as Exhibit A). The judgment debtor made the same arguments, and cited many of the same cases, as Dernick. But, the court held, "issuance of mandate by an appellate court is not necessary to render its judgment final." *Id.* at 5. On that basis, the court affirmed the trial court's order increasing the amount of security even though the appeal to the Texas Supreme Court was still pending (and the mandate had therefore not issued).

Dernick has not cited a single case where the judgment was modified to provide more in compensatory damages but execution on the entire amount was still suspended. Nor does Professor Carlson consider that situation. *See* 6 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice* § 14:20 (2d ed. 1998). In fact, case law is clear that if the bond is insufficient, as here, execution is allowed immediately even if the appeal is ongoing—despite the mandate not

because "[a] municipality may appeal a judgment without giving a supersedeas or cost bond"); *In re Long*, 984 S.W.2d 623, 626 (Tex. 1999) (same).

having issued. *See Nat'l Convenience Stores, Inc. v. Martinez*, 763 S.W.2d 960 (Tex. App.—Houston [1st Dist.] 1989, no writ).

The Court must remember the purpose of supersedeas: it "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Dernick says supersedeas "defers payment until the matter is resolved." Resp. at 7. That is the point: when the mandate issues, the matter is resolved, and no supersedeas is needed. Supersedeas is not "payment" to the other side; it is a bond (or a deposit, as here) to protect the judgment creditor.

## III.
## CONCLUSION AND PRAYER

The Wilsteins request that the Court increase the deposit in lieu of supersedeas bond by $448,985.59. Should Dernick fail to comply, the Wilsteins request permission to execute on the amended judgment.

-6-

Respectfully submitted,

By:*/s/Kendall M. Gray*

Kendall M. Gray
Texas Bar No. 00790782
kendallgray@andrewskurth.com
Georgia L. Lucier
Texas Bar No. 24043523
georgialucier@andrewskurth.com
Kathryn Boatman
Texas Bar No. 24062624
kathrynboatman@andrewskurth.com
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002-2929
Telephone: (713) 220-3981
Facsimile: (713) 238-7183

Britton D. Monts
Texas Bar No. 14303900
bmonts@themontsfirm.com
THE MONTS FIRM
401 Congress Ave., Suite 1540
Austin, Texas 78701-3851
Telephone: (512) 474-6092
Facsimile: (512) 692-2981

-7-

HOU:3601313.3

Tom C. McCall
Texas Bar No. 13350300
tmccall@themccallfirm.com
David B. McCall
Texas Bar No. 13344500
dmccall@themccallfirm.com
THE McCALL FIRM
3660 Stoneridge Road, Suite F-102
Austin, Texas 78746
Telephone: (512) 477-4242
Facsimile: (512) 477-2271

Attorneys for Appellees and
Cross-Appellants David Wilstein
and Leonard Wilstein, Individually
and as Trustee of the Leonard and
Joyce Wilstein Revocable Trust

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2015, true and correct copies of the above and foregoing instrument have been e-served on the following counsel for Dernick Resources, Inc.:

Alan B. Daughtry
*alan@alandaughtrylaw.com*
675 Shartle Circle
Houston, Texas 77024

Kathrine M. Silver
*ksilver@jw.com*
Richard A. Howell
*rahowell@jw.com*
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010

D. Patrick Long
*plong@pattonboggs.com*
Patton Boggs LLP
2000 McKinney Ave., Suite 1700
Dallas, TX 75201

*/s/Kendall M. Gray*
Kendall M. Gray

# EXHIBIT A

NO. 07-01-0071-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 8, 2004

_____

RICHARD O. HARRIS, INDIVIDUALLY AND AS TRUSTEE OF
RICHARD O. HARRIS PROFIT SHARING TRUST, APPELLANT

V.

RICHARD K. ARCHER, M.D., INDIVIDUALLY AND AS TRUSTEE OF
THE RICHARD K. ARCHER, M.D., P.A. PROFIT SHARING PLAN & TRUST
AND REBA LAND, INC., APPELLEES AND CROSS-APPELLANTS

V.

STEVE W. STERQUELL, INDIVIDUALLY AND AS TRUSTEE OF
STEVE W. STERQUELL PROFIT SHARING TRUST, CROSS-APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 40,125-A; HONORABLE HAL MINER, JUDGE
_____

Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J.[1]

**ORDER**

Pending before the Court is a Motion to Review Excessiveness of Security and for

Temporary Relief filed by Richard K. Archer, Individually and as Trustee of the Richard K.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

Archer, M.D., P.A. Profit Sharing Trust (collectively, "Archer") and Reba Land, Inc. Archer and Reba seek relief from a trial court order increasing the amount of security required to suspend enforcement of this court's judgment, pending appeal to the Texas Supreme Court. See TEX. R. APP. P. 24.[2] We deny relief.

Steve W. Sterquell, Individually and as Trustee for the Steve W. Sterquell Profit Sharing Plan (collectively, "Sterquell") and Richard O. Harris, Individually and as Trustee of the Richard O. Harris Profit Sharing Trust (collectively, "Harris"), sued Archer and Reba. Following jury trial, judgment was entered in favor of Sterquell for $916,635.22; a take-nothing judgment was entered as to Harris. Archer and Reba superseded Sterquell's judgment and appealed. Harris appealed the take-nothing judgment.

On appeal, this court reduced the judgment in favor of Sterquell to $574,424 and, as reduced, affirmed. Harris's take-nothing judgment was reversed and judgment was rendered for Harris in the amount of $574,424. See Harris v. Archer, 134 S.W.3d 411 (Tex.App.–Amarillo 2004, pet. filed). Archer and Reba filed a petition for discretionary review in the Texas Supreme Court, which remains pending. Mandate as to our judgment has not been sought, and none has issued. See TRAP 18.1(a),(c).

Subsequent to the filing of petition for discretionary review in the Supreme Court by Archer and Reba, and after this court lost plenary power over its judgment, the trial court entered an order reciting that it held a hearing, reviewed evidence, and found that, "[T]he

---

[2]Reference to a rule of appellate procedure hereafter will be by reference to "TRAP_."

decision of the court of appeals, and the post-judgment interest that has accrued since the date of the judgment, constitute a change of circumstances which warrants modification of the amount of security to suspend enforcement of judgment heretofore deposited by [Archer and Reba]." The order specified an increased amount of security required of Archer and Reba in order to suspend enforcement of judgment. Archer and Reba move for appellate review of the order pursuant to TRAP 24.4(a) and (c).

Having granted temporary stay of the trial court's order, we now consider the additional relief Archer and Reba request: (1) staying of all efforts to collect on the judgment pending further proceedings; (2) remand to the trial court for entry of findings of fact; and (3) after entry of findings of fact, entry of a scheduling order for full briefing on the merits.[3]

The complaint Archer and Reba make as to the trial court's order is that it requires them to post security to prevent enforcement of this court's judgment in favor of Harris even though no mandate has issued. They argue that the trial court abused its discretion by acting contrary to controlling law in making its order, see TRAP 24.4(a)(5), because the appellate court judgment is not final until mandate issues. Based upon their premise that the appellate judgment is not final until mandate issues, Archer and Reba further reason that Harris cannot execute on the appellate court judgment and the trial court cannot require security to be posted for something which does not exist. Archer and Reba rely on State v. Miller, 183 S.W.2d 278 (Tex.Civ.App.–Waco 1944, no writ), and In re Long, 984

---

[3]We address only arguments made by Archer and Reba which are material to the relief they request. See TRAP 47.1.

S.W.2d 623 (Tex.1999), for support. They cite Miller for the proposition that the judgment of a court of appeals is not a final judgment while the appeal is pending before the Supreme Court, and Long for the proposition that neither a trial court judgment nor the modification of that judgment by a court of appeals can be enforced until all appeals relating to the judgment are exhausted and mandate enforcing the appellate court judgment is issued.

In Miller, the question was whether the appellate court should issue a writ of prohibition and an injunction to prevent what the relators urged was a trial court proceeding re-litigating issues determined in a previous suit between the parties. The court of appeals noted that its affirmance of the trial court judgment in the prior suit became a final judgment of the court of appeals when the Supreme Court refused application for writ of error, and that once the appellate judgment became final it was enforceable by any appropriate writ which the court of appeals was authorized to issue. Miller, 183 S.W.2d at 280.

In Long, the trial court enjoined the Dallas County District Clerk from collecting certain types of fees as filing fees. The Clerk appealed. The notice of appeal filed by the Clerk operated as a supersedeas bond. Id. at 625. As relevant to this proceeding, the court of appeals modified the injunction and, as modified, affirmed it. Dallas County v. Sweitzer, 881 S.W.2d 757, 771 (Tex.App.–Dallas 1994, writ denied). Sweitzer's application for writ of error was denied by the Supreme Court. The court of appeals subsequently issued mandate which contained an order enjoining the Dallas County District Clerk from collecting certain filing fees. The trial court later held the Clerk in contempt for collecting fees which the court of appeals had adjudged improper. The

-4-

Supreme Court held that the Clerk could not be held in contempt for collecting the filing fees before the court of appeals issued mandate. <u>Long</u>, 984 S.W.2d at 626.

<u>Long</u> and <u>Miller</u> are inapposite. The matter now before us does not present the question of whether our judgment is final for the purpose of precluding a subsequent suit between Archer, Reba, Sterquell and Harris, as was the issue in <u>Miller</u>. And, in <u>Long</u> there was no dispute about how the type or amount of security to supersede judgments of the trial and appellate court was determined. The question was at what point, if any, the Clerk violated a court order to stop collecting the filing fees in question.

Contrary to the contention of Archer and Reba, issuance of mandate by an appellate court is not necessary to render its judgment final. <u>See</u> <u>Universe Life Ins. Co. v. Giles</u>, 982 S.W.2d 488, 491 (Tex.App.–Texarkana 1998, pet. denied). Mandate is official notice of the appellate court action to the court below, advising it of the action of the appellate court and directing that the appellate court's judgment be recognized and obeyed. The rules concerning mandate are procedural, and are not necessary to jurisdiction of the trial court to take further action. <u>Id</u>.

Moreover, a judgment creditor is not required to wait until a judgment becomes final by the exhaustion of all appeals before having execution issued. Once a judgment is final for purposes of appeal, the creditor is generally entitled to have the judgment enforced and execution issued. <u>See</u> Tᴇx. R. Cɪv. P. 627; <u>Hood v. Amarillo Nat'l Bank</u>, 815 S.W.2d 545, 548 (Tex. 1991). But, it is the policy of this state to allow enforcement of the judgment to be suspended pending appeal, provided the judgment creditor is secured against loss

which might be suffered through an unsuccessful appeal.  See Bryan v. Luhning, 106 S.W.2d 403, 404 (Tex.Civ.App.–Galveston 1937, no writ).

The part of our judgment by which we reversed the trial court's take-nothing judgment as to Harris and rendered judgment for him places Harris in the posture of a judgment creditor.  The trial court did not abuse its discretion in considering our judgment, which is final for purposes of appeal, as a change of circumstances within the meaning of TRAP 24.3(a).

Archer and Reba do not present a record showing that they requested the trial court to make findings of fact.[4]  Absent a showing of such request, we deem nothing to be presented for our review as to the matter and decline to direct the trial court to make findings of fact.  See TRAP 33.1(a).  And, in view of our conclusion that the trial court did not abuse its discretion in considering our decision and judgment as a change of circumstances, we also decline to stay the trial court's order pending further briefing.

We vacate our stay of the trial court's order dated August 12, 2004.  The relief sought in the motion presented by Archer and Reba is denied.

Phil Johnson
Chief Justice

Quinn, J., not participating.

---

[4]Our review is limited because Archer and Reba have not presented a clerk's record or transcript of the trial court hearing.