TRIGG et al. v. WHITTENBURG et al.

No. 4980.

Court of Civil Appeals of Texas. Amarillo.

Jan. 30, 1939.

Rehearing Denied June 5, 1939.

Ben P. Monning, of Amarillo, Henry D. Akin, C. M. Means, and W. H. Duls, all of Dallas, N. P. Willis, of Pampa, and J. F. Hair, of San Antonio, for plaintiffs in error.

Sanders & Scott, Morgan, Culton, Morgan & Britain, and E. H. Foster, all of Amarillo, and T. L. Dyer, of Austin, for defendants in error.

FOLLEY, Justice.

This appeal involves the action of the trial court in sustaining general demurrers to the petition of the plaintiff in error, Ed Trigg, and the dismissal of his cause of action upon his refusal to amend his pleadings. We shall designate the parties as they were known in the trial court.

The plaintiff, Ed Trigg, filed the amended petition herein involved on July 23, 1937, the original petition having been filed on November 29, 1935. The heirs and legal representatives of J. A. Whittenburg, deceased, and the Phillips Petroleum Company, lessee of Whittenburg, were the defendants below. The suit involves the title and possession of portions of a certain tract of land in Hutchinson County, Texas, containing 525.2 acres. Without leave of the court Newton P. Willis filed a plea of intervention in the suit alleging his right to intervene as a citizen and taxpayer in behalf of himself and other taxpayers, and prayed that judgment be entered to the effect that the land in question belonged to the public free school fund of Texas. Upon motion of the defendants his plea of intervention was stricken by the court. The plaintiff and the intervener both assign such action of the court as error.

The plaintiff's petition shows on its face that this identical land was involved in a suit in the District Court of Travis County in which case the State of Texas, J. A. Whittenburg, Phillips Petroleum Company and the plaintiff Ed Trigg, were all parties. The Travis County suit was filed by the State of Texas through its Attorney General in the nature of an action in trespass to try title. Trigg was made a party defendant by the State in such cause. He filed his answer which, in effect, was a plea of not guilty, and further affirmatively asserted title to the land against the State and the other defendants therein. On November 26, 1928 judgment was rendered in such suit by the trial court in favor of the State of Texas for the title and possession of the 525.2 acres of land subject to the rights of Ed Trigg to purchase said land from the State of Texas under and pursuant to his application theretofore made under the provisions of article 5323 of the Revised Civil Statutes of 1925. An appeal from that judgment was prosecuted by the other parties to the Court of Civil Appeals at Austin, in which court the judgment of the trial court was reversed and judgment rendered that the State of Texas and Ed Trigg take nothing as against the appellants therein, J. A. Whittenburg, Phillips Petroleum Company and others not necessary to mention. The opinion of the Court of Civil Appeals at Austin, upon which the judgment of such court was based, may be found in 63 S.W.2d 737 in the cause therein denominated Phillips Petroleum Co. et al. v. State et al. We refer to such opinion for such basic facts as we deem unnecessary to restate here. After the rendition of the judgment by the Court of Civil Appeals in such cause the State of Texas and Ed Trigg filed an application for a writ of error in the Supreme Court of Texas. This application was refused by the Supreme Court by its judgment dated June 13, 1934. All the relevant facts with reference to the Travis County suit, together with all the proceedings in such cause from its inception to the refusal of a writ of error by the Supreme Court, affirmatively appear from the allegations of the plaintiff in this suit and from the exhibits attached thereto. The defendants herein, by way of general demurrer, interposed the Travis County cause and the final decree therein as res adjudicata to the claims now asserted by the plaintiff in this suit.

It is evident from the plaintiff's pleadings herein that in the former suit the State of Texas and Ed Trigg recovered the 525.2 acres as vacant lands of the Mary Whitley Survey, the patent thereto having been issued to the original grantee, under whom Whittenburg held, long prior to the accrual of any claims of the plaintiff to the land. In reversing and rendering the judgment of the trial court in the former case the Court of Civil Appeals held that no such vacancy existed as was decreed to the State. Plaintiff's pleadings

also show that on July 2, 1929, after the judgment was rendered in the trial court in Travis County and pending the hearing thereon in the Court of Civil Appeals, the State of Texas awarded to the plaintiff the 525.2 acres of land as unsurveyed school land upon his application of inquiry to the Commissioner of the General Land Office filed on or about March 1, 1926, in accordance with article 5323, supra. This article deals only with unsurveyed school land. In this connection it should be stated that the plaintiff herein based his claim to the land in the Travis County suit upon this application of March 1, 1926. In the instant action his claim is also predicated upon the same application which is now supported by an award pursuant to such application. It therefore follows that the only condition that now exists which did not exist at the time the original judgment was rendered in the trial court of Travis County is that the award has been made upon the application sued upon in the former suit.

The chief contention of the plaintiff is based upon the theory that the land in question was school land at the time the certificate was located and patent issued to the original grantees under whom Whittenburg held title, and, as a part of the public free school fund was not subject to location by a donation certificate. He urges that this question was neither raised nor passed upon in the former action.

Under the circumstances surrounding the award above stated it is apparent that any title obtained by Trigg under such award was acquired pendente lite. Since the application upon which the award was based was the only ground upon which Trigg sought recovery in the former suit his rights under such application were adjudicated in the Travis County action. The decree of the Court of Civil Appeals in such suit adjudged "that judgment be here rendered so that the appellees, the State of Texas and E. B. Trigg, take nothing as against the appellants, * * * J. A., Whittenburg, * * * Phillips Petroleum Company, but that said appellants go hence without day and recover of and from the appellees, the State of Texas, and Ed B. Trigg, all costs in this behalf expended, both in the trial court and in this court, and that this decision be certified below for observance." While the opinion of the Court of Civil Appeals shows that the only questions discussed related to vacancy, there is nothing in the opinion or the decree based thereon which preserved to the State of Texas or to Ed Trigg any right to thereafter assert title to the same land under a different theory of recovery. There is equally absent from such opinion and the decree any language showing that the usual and ordinary result of a failure to establish title should not be binding upon the State of Texas and the plaintiff Trigg. In Anderson, Clayton & Co. et al. v. State ex rel. Allred, Atty. Gen., et al., 122 Tex. 530, 62 S.W.2d 107, 110, Judge Sharp, speaking for the court said: "* * * where a state voluntarily files a suit and submits its rights for judicial determination, it will be bound thereby, * * *."

It is our opinion that article 7391 of the Revised Civil Statutes of Texas is controlling of the situation herein involved. Such statute reads as follows: "Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action."

This statute merely enacts into law the equitable rule that there should be an end to all litigation. The language of this article makes it incumbent upon a litigant to present in the first instance all the reasons he has to offer as a basis for recovery. No new and independent rights having accrued to him after such judgment he is not permitted to maintain another suit seeking to recover the same property upon some theory not advanced in the former action. To permit such a practice would be tantamount to the abolition of final judgments. In the instant case, however, the plaintiff seeks to recover upon the same basic facts as he urged in the former action, the only distinction being that the application to purchase the land as unsurveyed school land upon which he asserted title in the former suit has now ripened into an award based thereon. The final judgment in the former suit denying the plaintiff any recovery necessarily adjudicated that the land in question was not unsurveyed school land, which is the very question that the plaintiff now seeks to adjudicate in this action.

■ In Permian Oil Co. v. Smith et al., Tex.Sup., 73 S.W.2d 490, 496, Judge Leddy, speaking for the Court said: "The doctrine has been thoroughly settled by repeated decisions of the courts of this state, that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant."

Further, in such opinion Judge Leddy quoted from Justice Gaines in French et al. v. Olive et al., 67 Tex. 400, 3 S.W. 568, 569, wherein Justice Gaines said: "When appellants failed to make out their case, it was a matter of no concern whether appellees could show any title or not. They were entitled to a judgment, forever conclusive of all claim of appellants to the premises in controversy."

■ In the case of Freeman v. McAninch et al., 87 Tex. 132, 27 S.W. 97, 98, 47 Am.St.Rep. 79, wherein certain defendants in a former judgment sought in a new suit to avoid the effect of that judgment in a situation similar to the one presented in the instant case, Judge Stayton, speaking for the Supreme Court of Texas, said: "Where it appears from the record of a court having jurisdiction over the parties and subject-matter that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties, when the same issue is again presented; and in such cases extrinsic evidence cannot be received to contradict the record, by showing that an issue necessarily involved in the cause was not presented and decided."

In the same case Judge Stayton quotes with approval the following language from the case of Foster v. Wells, 4 Tex. 101, 104: " 'That the judgment or decree of a court possessing competent jurisdiction shall be final as to the matters determined, cannot be controverted. The principle, however, extends further. It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.' "

■ It is, therefore, our opinion that the trial court did not err in sustaining the demurrers of the defendants to plaintiff's petition which showed on its face that all issues now involved have been foreclosed by a final judgment in the former suit, which judgment, to say the least, is not void on its face. Having reached this conclusion the other matters presented by all parties, including the intervener, become immaterial and a discussion thereof we deem unnecessary.

The judgment is affirmed.

JACKSON, C. J., not sitting.

On Motions for Rehearing.

CRENSHAW, Special Justice.

Plaintiff in error and intervener have each filed a motion for rehearing, vigorously assailing the correctness of our opinion on affirmance.

■ We are unable to agree with the contention of plaintiff in error that the theory or ground of recovery relied on in this case was not or could not have been litigated in the former case. The trial pleadings of the State of Texas and of the plaintiff in error in his cross-action in the former case each contained a count in the ordinary form of trespass to try title. Under such pleading, the theory or ground of recovery here relied upon could properly have been litigated and this case, therefore, falls within the rule which makes the former judgment a bar as to any matters which were, in fact, litigated in the former case or could have been litigated therein.

■ Neither are we able to agree with the contention that the doctrine of res adjudicata has no application or only a limited application to the sovereignty. Whenever the State enters a court as a litigant in a case, we think the rule of res adjudicata applies to it with equal force as to a private litigant.

Neither of the motions for rehearing presents any matters which were not fully considered on original submission and, believing that the opinion on the original submission correctly disposes of the case, the motions for rehearing are each overruled.