### PHILLIPS PETROLEUM CO. et al. v. TRIGG et al.

No. 9054.

Court of Civil Appeals of Texas. Austin.

Nov. 26, 1941.

Rehearing Denied Dec. 31, 1941.

Don Emery and R. L. Foster, both of Bartlesville, Okl., and E. H. Foster, of Amarillo, for relators Phillips Petroleum Co. and Philtex Oil Co.

Burney Braly, of Fort Worth, for relator Continental Oil Co.

Sanders & Scott and J. W. Sanders, all of Amarillo, for relators J. A. Whittenburg, Jr., et al.

Jno. E. Green, Jr., and Irwin W. Coleman, both of Houston, for relator Gulf Oil Co.

Ben P. Monning, of Amarillo, J. F. Hair, of Austin, and Wm. H. Duls, C. M. Means, and Henry D. Akin, all of Dallas, for respondents.

BAUGH, Justice.

This is an original proceeding in this court wherein the relators, who were appellants in Phillips Petroleum Co. v. State, Tex.Civ.App., 63 S.W.2d 737, writ refused, seek a writ of prohibition against the respondents to prohibit them from further prosecuting two suits pending in the District Court of Travis County, and one suit pending in the District Court of Hutchinson County, and to prohibit them from filing or prosecuting any other similar suits involving the same lands that were involved in Phillips Petroleum Company v. State, above cited.

The record discloses the following: Phillips Petroleum Company v. State, supra, was a suit by the State to recover, as vacant unsurveyed public school lands, the 525 acres therein described, and here involved. Ed B. Trigg was a party defendant to that suit, but asserted a prior right to purchase same from the State as vacant lands, under his application to do so filed in accordance with the provisions of Art. 5323, R.C.S.1925, since repealed. See Acts 1931, 42nd Leg., p. 452, Ch. 271, § 13. The trial court in that case awarded these lands to the State and established Trigg's prior right to purchase same. On appeal to this court that judgment was reversed and judgment here rendered that the State take nothing by its suit. From our judgment the State and Trigg applied to the Supreme Court for writ of error, which was denied. That case will be referred to as the original suit.

Thereafter, in 1935, Trigg filed suit in the District Court of Hutchinson County against the relators, defendants along with Trigg in the original suit, for title to and possession of these same lands. To this suit the trial court sustained a general demurrer on the ground that the original suit and judgment were res adjudicata of that controversy. From that judgment Trigg appealed to the Court of Civil Appeals at Amarillo where the trial court's judgment was affirmed and writ of error again denied. See Trigg v. Whittenburg, 129 S.W.2d 472.

On September 23, 1939, Trigg filed another suit in the District Court of Travis County for mandamus against the District Clerk to compel him to issue, in the original suit, a writ of possession for this land. On the day this suit was set for hearing he took a non-suit.

On October 9, 1939, Trigg again sued, in the District Court of Travis County, all of the other defendants in the original suit, for title to and possession of this land, alleging that our former "take nothing" judgment in the original suit was "null and void." This suit is still pending.

On March 5, 1940, he brought another suit in the District Court of Travis County for mandamus against the District Clerk to compel him to issue to him and the State a writ of possession on the trial court's judgment in the original suit. This suit is still pending.

On March 11, 1940, Trigg brought another suit for this same land against the relators, defendants in the original suit, in the District Court of Hutchinson County, which suit is also still pending.

The above described suits, and any others of similar nature, are the ones which relators seek to prohibit Trigg, his agents, attorneys, et al., from prosecuting, maintaining, or hereafter filing. Since these suits were filed Trigg has died, and his heirs and legal representatives have been made parties in the courts below and to this proceeding. All of said suits were brought in the name of the State of Texas "through Ed B. Trigg, its agent, and Ed B. Trigg, individually * * *." However, the State of Texas, through the Attorney General, has declined to take any part in such suits, or in this proceeding, and has filed a motion in at least one of said pending suits asking that the name of the State as a party be stricken from the pleadings, repudiating Trigg's contention in these suits, and declining to participate in them.

■ At the outset, therefore, it is manifest that Trigg had no authority to represent the State, that the State through the Attorney General has repudiated his action, and that it is not necessary for us to enter into any discussion of what rights or remedies, if any, the State may have relative to this land, treated as an excess within the boundaries of the Whitley survey, rather than as a vacancy without the boundaries thereof, the basis on which the original suit was brought and prosecuted. Trigg had no authority to bring suit in the name of, or on behalf of the State, without its consent to recover an excess in a survey, granting that such excess exists, and we confine our consideration here to his rights individually in the premises.

■ In the original suit, though a defendant, he filed a cross-action against the other defendants, relators here, in trespass to try title to this land. Our take nothing judgment in the original suit necessarily, therefore, adjudicated his rights as therein asserted, and he joined the State in application for writ of error to the Supreme Court. As to him, therefore, that judgment adjudicated his rights, all he had or there claimed, to the land in question. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79; Trigg v. Whittenburg, Tex.Civ.App., 129 S.W.2d 472. In the latter case the same contentions were made as are asserted in the suits now pending and here involved, and these matters were again finally adjudicated. The general rule applicable to res adjudicata is that not only all matters formerly adjudicated are foreclosed against the parties, but also such issues essentially connected with the subject matter, as might have been litigated and decided. 26 Tex.Jur., § 418, p. 135, and cases cited.

The only grounds asserted by Trigg in the original suit were that this land was vacant unsurveyed public school land, belonging to the State, and that as such he had a prior right, having complied with the provisions of Art. 5323, R.C.S.1925, to purchase it. That claim has twice been definitely decided against him. Phillips Petroleum Co. v. State, supra, and Trigg v. Whittenburg, supra.

But respondents earnestly insist that in the original suit the only question adjudicated was that the land was not a vacancy; that that suit conclusively showed the 525 acres to be an excess within, instead of a vacancy without, the Whitley survey, for which the State has been paid nothing; that the effect of our judgment in the original suit was to give this land to the appellants therein free; and that our judgment was, therefore, null and void as violating Secs. 4 and 5 of Art. 7 of the Constitution of Texas, Vernon's Ann.St.

Not only was such contention adjudicated against Trigg in Trigg v. Whittenburg, supra, writ refused; but it manifestly cannot be sustained.

We are not called upon to determine whether the State in the original suit could, in the alternative to its asserted claim that this land was vacant unsold land, have sought partition, or for the value of said lands, as an excess within the boundaries

of lands already sold. It did not undertake to do so. Such a suit is of a different character entirely from a suit to establish a vacancy. For this character of suit we need only to refer to, as controlling such proceedings, the cases of Matador Land & Cattle Co. v. State, Tex. Civ.App., 54 S.W. 256; Willoughby v. Long, 96 Tex. 194, 71 S.W. 545; Findlay v. State, 113 Tex. 30, 250 S.W. 651; 34 Tex.Jur., §§ 54, 55, pp. 92–95; § 162, p. 230.

If, therefore, it be conceded, as urged by the respondents, that this land was excess within the Whitley survey, Trigg acquired no rights to it under his application to purchase it as vacant unsurveyed public school lands; and can assert none either under the judgment in the original suit, or in any of the suits filed by him and involved in this proceeding. All of the rights to which he as an individual may have been entitled were necessarily adjudicated in the original suit.

Our take nothing judgment in the original suit in trespass to try title wherein Trigg by cross-action also sued the other defendants, relators herein, in trespass to try title, was an adjudication of title in the relator defendants in that suit. Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152; 26 Tex.Jur., § 492, p. 298. The rule as stated in the latter citation is that such judgment "is conclusive of all adjudicated claims to the land that were or could have been set up by his adversary, and operates as a perpetual bar to the maintenance by him of any subsequent suit on the same cause of action and in respect of the same subject matter."

The relators herein are therefore entitled to the benefits, undisturbed by subsequent suits involving the same subject matter, of the judgment of this court in their favor in the original suit; and this court clearly has the power through writ of prohibition or other appropriate process, not only to preserve and enforce its own judgment, but to secure to the relators the benefits of that judgment. Cattlemen's Trust Co. v. Willis, Tex.Civ. App., 179 S.W. 1115; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663; Adams v. Mitchell, Tex.Civ.App., 86 S.W.2d 884; Reed v. Bryant, Tex.Civ. App., 291 S.W. 605, and cases therein cited.

For the reasons stated the writ will issue on behalf of and as prayed for by the relators against the respondents named therein.

Writ granted.