**CITY OF FORT WORTH, Appellant,**

v.

**Tom D. TAYLOR et al., Appellees.**

No. 16110.

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1960.

Rehearing Denied July 1, 1960.

S. G. Johndroe, Jr., City Attorney, and Jerome H. Parker, Jr., Assistant, Fort Worth, for appellant.

Richard Owens, Fort Worth, for appellees.

MASSEY, Chief Justice.

The judgment appealed from was one decreeing title and possession of real estate to individual plaintiffs pursuant to their suit in trespass to try title against the City of Fort Worth.

Judgment affirmed.

The judgment was granted on a hearing of plaintiffs' motion for summary judgment.

On March 15, 1956, Thomas T. Hughes, plaintiffs' predecessor in title, obtained a prior judgment in trespass to try title against the City of Fort Worth, among numerous other defendants, to a tract of land as an entirety, a part of which included areas which had been dedicated as public streets and alleys in a subdivision within the city. The plat and dedication thereof was filed many years ago. The property which was purportedly adjudicated as to title encompassed approximately two-thirds of said original subdivision, Shady Park Addition.

This prior judgment became final and the title passed by grants in a chain of title into the plaintiffs. Subsequently, in a condemnation proceeding the city sued the plaintiffs for a right-of-way sewerage easement across the land. In this action the city's description of the land sought to be condemned omitted the areas within that part which had been the streets and alleys dedicated to the public by the original plat and dedication.

It became clear in preliminary consultation of the attorneys for the parties, plaintiff and defendant in condemnation, that the city was proceeding on the theory that it held easement rights in the streets and alleys under the original plat and dedication unimpaired and unaffected by the judgment in the aforementioned trespass to try title suit. The successors to the title adjudicated by the decree therein were of the contrary opinion and insisted that they were entitled to compensation therefor.

Said owners, plaintiffs herein, proceeded to file a new trespass to try title suit against the city. The issue between the parties was resolved into the question of whether title to the streets and alleys within the area of the tract condemned could have been validly decreed (in 1956) in plaintiffs' predecessor, free and clear of any easement rights of the City of Fort Worth,—and if so, whether it was so decreed.

This is true because the city's attack, leveled against the prior judgment, was that

"as applied to the easement rights in the streets and alleys received by the City in the capacity of 'trustee for the public' pursuant to the original plat and dedication of Shady Park Addition," the court did not have the authority to divest such character of title out of the city, and hence its judgment could not be construed to have done so.

■ A careful examination of said judgment reveals that there is no question but what it did, in fact, purport to divest the city of every character of title claim it asserted or could have asserted in that proceeding. We need not detail the application made of the tests. It will be assumed, in any consideration to be given to a collateral attack made thereupon, that the city did advance any defense to said suit that it could have advanced prior to the trial and judgment, and that the decision was in denial thereof. 25 Tex.Jur., p. 830 et seq., "Judgments", sec. 319 et seq., under division "Proof of Invalidity".

■ It is correct that municipal corporations hold all property devoted to a public use, such as streets, alleys, etc., "in trust" for the use of the public, and on principle, such trust property can no more be disposed of by the municipality than can any other trust property held by an individual. However, it is not to be doubted that the City of Fort Worth, as a Home Rule city, could vacate its streets, as a power derived from the State pursuant to express statute.

The plaintiffs' evidence on motion for summary judgment comprised their predecessor's judgment and the various instruments in the chain of title from said predecessor showing title to have passed to them. The city supported its answer to plaintiffs' motion by an authenticated copy of the original plat and dedication of Shady Park Addition.

It is to be remembered that whatever title plaintiffs' predecessor had or received by

the former judgment passed to and through the hands of others, presumably purchasers for value in good faith. It is also to be remembered that the city made no direct attack on the prior judgment. Further, the city never proved that there had not been any action prior to the earlier judgment, purporting to vacate all or any of the streets and alleys within the subdivision.

For all we might know from the face of the record the entire plat and dedication, or the portion thereof involved in this suit, might have been vacated prior to time of entry of the prior judgment, and the city's easement rights in the dedicated streets and alleys reverted to private ownership as a result thereof. Vernon's Ann. Texas St. Art. 974a, "Platting and recording subdivisions or additions", sec. 5, "Vacation of plat or plan; procedure". Or, we would be entitled to assume that by act of the city, itself, there had been an official vacation of the easement rights the city held "in trust" for the benefit of the public, a power it undoubtedly possessed. McQuillin, Municipal Corporations, 3rd Ed., Ch. 30, "Streets and Alleys", sec. 30.185, "Power to vacate"; V.A.T.S. Art. 1175, "Enumerated powers (Home Rule cities)", subd. 18; Harper v. City of Wichita Falls, Tex.Civ.App., Fort Worth, 1937, 105 S.W.2d 743, 751, error refused. Pursuant to any denial of such, it would have been incumbent upon the city, in such prior suit, to establish that there had been no vacation under provisions of V.A.T.S. Art. 974a and Art. 1175. There would have been no burden cast upon plaintiffs' predecessor to have plead or proved the contrary. Had there been a conveyance of the identical real estate by the city, regular on its face, and under the corporate seal, such transaction would not have been subject to collateral attack. Adams v. Dignowity, 1894, 8 Tex.Civ.App. 201, 28 S.W. 373, 379, error refused.

■ The prior decree was rendered by the same District Court which rendered the judgment from which the instant appeal was taken. Such decree could not have been revised except by an action directed to effect such and the city did not, in the current proceedings, present such a cause of action. 25 Tex.Jur., p. 521, "Judgments", sec. 128, "(Change, Amendment and Correction) At Subsequent Term". In the absence of such action, the decree formerly entered would be conclusive as to the title or right of possession decreed against any claim of the city, even had there been no intervening right of subsequent purchasers. V.A.T.S., Title 124, "Trespass To Try Title", Art. 7391, "Final judgment conclusive".

In the former case, so far as the record appears, there was nothing advanced by the city in the assertion of any right in and to the property as to which title was cast in issue, either by its pleading or evidence. In the instant case, there was nothing advanced by the city, either in its pleadings or by way of evidence, in the assertion of any right in and to the property. The original plat and dedication of Shady Park Addition would not amount to such evidence, even had the former judgment been under direct attack. However, the city's attack is essentially a collateral attack on the prior judgment, in so far as same might have had application to the easement rights originally acquired pursuant to the plat and dedication. The result thereof, in view of the fact that plaintiffs proceeded to apply for and obtain a summary judgment, was that the new decree amounted to a judgment in addition to that earlier entered, both of which judgments purport to divest the City of Fort Worth of its easement claims.

We perceive no error.

Judgment is affirmed.