CITY OF FORT WORTH V. TOM D. TAYLOR ET AL

No. A-7983. Decided May 17, 1961
Rehearing Overruled June 14, 1961
(346 S. W. 2d Series 792)

S. G. *Johndroe, Jr.,* City Attorney, *Robert R. Goorich, Jerome H. Parker, Jr., Martin Siegmund* and *James O. Price,* Assistant City Attorneys, for petitioner.

*Richard Owens,* of Fort Worth, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

The question presented by this appeal is whether a judgment in favor of a private citizen against a municipal corporation for title to and possession of a tract of land constitutes an effective adjudication that there is no existing public easement in platted streets and alleys encompassed by the metes and bounds description of the property.

A plat of the Shady Park Addition to the City of Fort Worth was recorded in the office of the County Clerk of Tarrant County in 1904. Attached to the plat is an instrument executed and acknowledged by one W. L. Slate adopting the plat and dedicating the streets and alleys shown thereon to the use of the public. In 1956 Thomas T. Hughes recovered judgment in the 17th District Court of Tarrant County against a number of defendants, including the City of Fort Worth, for title and possession of a tract of approximately ten acres described by metes and bounds in the decree.

The 10-acre tract as described embraces about eighty lots of the Shady Park Addition, parts of ten other lots, several streets and alleys shown on the plat, and other land outside the Addition. Several references to such Addition appear in the property description. It recites that the tract includes part of the Addition, identifies a number of points as being the corners of designated lots therein or the intersection of street lines, shows that some of the perimeter lines run along the boundaries of specified lots, and calls for the crossing of one street referred to by name. The judgment also awards one of the parties, Mrs. Maude M. Arnold, title and possession of Lots 9, 10, 11 and 12, Block 2, of the Shady Park Addition, which lie outside the 10-acre tract.

The 1956 judgment became final, and the title of Thomas T. Hughes was later acquired by Tom D. Taylor et al, respondents. Proceedings to condemn a sewer easement across part of the 10-acre tract were instituted by the City of Fort Worth, petitioner, but areas crossed by the sewer line and shown as streets or alleys on the original plat were omitted from the statement filed with the county judge. When respondents learned that petitioner was claiming the right to use such land without compensating them therefor, they brought the present suit against petitioner and moved for summary judgment on the ground that the prior judgment is conclusive as to the rights asserted by the latter. Their motion for summary judgment was granted by the trial court, and the Court of Civil Appeals affirmed. 337 S. W. 2d 160.

Petitioner argues that the judgment in the former suit is not conclusive as to the public easement in dedicated streets and alleys of the Shady Park Addition, because: (1) it does not appear that the issue was raised or adjudicated therein; (2) the easement is recognized and preserved by the references to the Addition in the judgment; and (3) petitioner was not made a party to the suit in the capacity of trustee for the public. There is no merit in these contentions.

■ Although title to the public easement in dedicated streets and alleys rests in the state, the Legislature has granted to at least some of the cities and towns of Texas exclusive dominion over the public ways within their respective corporate limits. See City of Mission v. Popplewell, 156 Tex. 269, 294 S. W. 2d 712; Articles 1016, 1146, and 1175, Vernon's Ann. Tex. Civ. Stat. By the express terms of Article 1175, a home rule city such as petitioner is authorized to regulate and control, remove obstructions and encroachments from, and vacate, abandon and close, any street, alley, avenue, or boulevard, Petitioner may prosecute in its own name suits to require the removal of obstructions from a street, and a necessary concomitant of that power is authority to defend against a claim that the land is owned by a private individual free and clear of any easement in favor of the public. In the absence of fraud or collusion, a judgment adverse to the municipality in such a proceeding also binds the public as such, Healy v. Deering, 231 Ill. 423, 83 N. E. 226; People v. Holladay, 93 Cal. 241, 29 P. 54, 27 Am. St. Rep. 186; Freeman on Judgments, 5th ed. 1925, Vol. 1, p. 1094, §508, and it is not necessary for the city to sue or be sued as

agent of the state or trustee for the public before the existence vel non of a public easement can be put in issue.

The earlier suit was an action in trespass to try title, and the pleadings of Thomas T. Hughes contain the usual formal allegations as well as a plea of title by limitation under the ten-year statute. It was alleged that the plaintiff owned the property in fee simple, and there is nothing to suggest that he was asserting or seeking to recover anything less than full title. The judgment in his favor clearly divested the adverse parties of all title and interest in the land which was not recognized and preserved thereby. See Article 7391, Vernon's Ann. Tex. Civ. Stat., Permian Oil Co. v. Smith, 129 Tex. 413, 107 S. W. 2d 564, 111 A. L. R. 1152; Trigg v. Whittenburg, Tex. Civ. App., 129 S. W. 2d 472 (wr. ref.).

■ Petitioner is undoubtedly correct when it says that a judgment against a municipal corporation for title and possession of one or more platted lots or blocks would not affect the public easement in adjoining streets and alleys not expressly included in the judgment. We also recognize the rule that a sale of lots by reference to a recorded plat constitutes as between the parties a dedication of the streets and alleys shown thereon. See Adams v. Rowles, 149 Tex. 52, 228 S. W. 2d 849. The 1956 judgment is not confined, however, to designated lots and blocks of the Shady Park Addition. While the description of the 10-acre tract in the petition and in the judgment refers to the plat of the Addition, it plainly embraces part or all of several streets and alleys shown on the plat. Petitioner knew or should have known that the plaintiff was asserting absolute ownership of land which apparently had once been dedicated to the public use. If it wished to protect its own rights and those of the public, steps should have been taken to insure that the same were recognized by the judgment. The decree as entered awarded to Thomas T. Hughes full title to the land enclosed by the metes and bounds description, and divested petitioner of all interest therein. When the entire judgment is considered, we think the references to the Shady Park Addition were included for descriptive purposes only. In our opinion they do not indicate that the court was confirming the plat in its entirety or recognizing the continued legal existence of all dedicated streets and alleys.

Petitioner further contends that summary judgment was improper because the plaintiff in the prior suit was relying on

adverse possession and title to a dedicated street or alley cannot be so acquired. It also says that there are disputed issues of fact as to whether the streets and alleys of the Shady Park Addition have ever been legally vacated, and as to whether the respondents or their predecessors in title have maintained such adverse possession as would ripen into a limitation title. These defenses could have been urged by petitioner in the earlier action and are foreclosed by the judgment rendered therein. That judgment may well have been erroneous and subject to direct attack, but no direct attack has been made thereon and we agree with the courts below that the same effectively divested petitioner of the rights it now asserts. Whether the judgment in either this or the prior suit has any effect on private rights arising from the sale of lots with reference to the recorded plat is not considered or decided. See Dallas Cotton Mills v. Industrial Co., Com. App., 296 S.W. 503.

The judgment of the Court of Civil Appeals is affirmed.