Mary BROWN, Appellant,

v.

Alton MAY et al., Appellees.

No. 4247.

Court of Civil Appeals of Texas.

Waco.

June 18, 1964.

Rehearing Denied July 2, 1964.

R. A. Kilpatrick, Cleburne, for appellant.

Cureton & Cureton, J. P. Word, Meridian, for appellees.

WILSON, Justice.

Appellant sought a mandatory injunction requiring appellees to remove a fence they constructed in front of her lots. The court withdrew the case from the jury and rendered a take-nothing judgment. We affirm.

In 1924 the owner of the Oakdale Park Addition recorded a plat subdividing his tract by numbered lots in three blocks. A state highway bounded the addition on the south; public streets were the boundaries on other sides. Between the blocks the plat indicated two "open places" 40 feet wide extending from north to south the length of the tract, corresponding to street spaces, but not so designated. The plat recited: "Streets not dedicated."

The original subdivider sold only the exterior or perimeter lots which abutted on the public streets. The remaining interior portion of the tract he converted into a private commercial park containing a swimming pool, bath house, skating rink, cabins and tables, for use of which facili-

ties charges were made. He and his wife owned and operated this park from 1924 to 1952, when it was sold. Across each end of both platted "streets" or open spaces fences extended at all times, except that sometime before trial appellant, as she testified, "made me a place to get in the back and to get out" by taking down the fence, and she "tried to get in the back, but it was too narrow." The skating rink was built 30 years ago to extend over and occupy 18 feet of one of the platted open spaces. Utility poles, trees and stumps were situated on it to time of trial. Upon the other open space or platted "street" were groves of trees, a stone wall, utility poles, barbecue pit, tables, a stone walk-way and a cabin.

The original subdivider constructed an arched stone entrance gateway and made a graveled drive from one of the public boundary streets into the park, encircling the swimming pool. Extending from this circular drive were two irregularly curved "cut-across" dirt ways which merged and led to cabins. The merged way did not coincide with, but lay partially upon, and traversed part of the width of one of the platted "streets" for a portion of its length, in front of appellant's lots. It then curved into another drive which encircled cabins in the park. A similar condition existed on the other "street" (near which appellant owned no land), except that the drive there was graveled. Appellant also owned lots adjacent to which there was no platted open space, but a part of the park drive around the park cabins was situated on platted lots immediately adjoining hers.

Appellant asserts rights in the private park lands in front of all her lots. She says appellees' fence was unlawfully erected, cuts her property off from the park, and she is entitled to keep the "streets and passageways open." Although the petition alleges the streets and passageways were of a public, or quasi-public character, the brief states appellant does not contend the streets in Oakdale Addition are dedicated to public use. It is asserted her claim is bottomed on a "private dedication," brought about by

sale of lots according to streets shown on a plat under rules stated in such cases as Lamar County v. Clements, 49 Tex. 347, 357; State v. Clark, 161 Tex. 10, 336 S.W. 2d 612, 618, and City of Forth Worth v. Taylor, 162 Tex. 341, 346 S.W.2d 792, 794.

 Appellant's claim of a "private dedication" is untenable. There is admittedly no written or oral declaration which can constitute an express dedication, reservation or grant of any category. In Drye v. Eagle Rock Ranch, Inc., Tex.Sup., 364 S.W.2d 196, 204, the Supreme Court quoted recognized text writers to the effect that "there is no such thing as the dedication of property to a private use." Justice Greenhill said, "May there be a dedication to a limited number of persons? May there be a private dedication? We think the answer, at least as applicable here is, 'No.'"

 Lamar County v. Clements above, and the other cases relied on by appellant involved estoppel predicated on what is in effect a representation by the seller relied on by the purchaser that an easement exists as shown by the plat, where the sale is by reference to a plat on which streets are shown as such. Here, there was no such representation. There is no showing appellant's deed referred to the plat or that sale was made with reference thereto. The plat showed no easement. It announced simply: "Streets not dedicated." The statement in Lamar County v. Clements on which appellant insists her whole case is bottomed is qualified by the prerequisite there announced that the owner shall have indicated "by map or by other unequivocal acts or delarations" that an area is to be reserved or applied to a specific use of quasi-public character. That condition does not exist here. Drye v. Eagle Rock Ranch, Inc., Tex.Sup., 364 S.W.2d 196, 209–211; Greenway Parks Home Owners Ass'n. v. City of Dallas, 159 Tex. 46, 312 S.W.2d 235, 241, 316 S.W.2d 74. See generally, Anderson v. Tall Timbers Corp., Tex.Sup., 378 S.W.2d 16.

Affirmed.