Barbara S. WILSON

v.

Andrew Franklin WILSON.

Civ. A. No. 77–450–A.

United States District Court,
M. D. Louisiana,
Civil Division.

July 25, 1980.

Daniel L. Avant, Avant, Wall, Thomas, Riche & Falcon, Baton Rouge, La., for plaintiff.

Jack N. Rogers, Rogers & Connelly, Baton Rouge, La., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN V. PARKER, Chief Judge.

Plaintiff, Barbara S. Wilson, filed this diversity action against her former husband seeking enforcement of a Texas state court judgment. The matter came on for trial without a jury on February 28, 1980. After giving the parties the opportunity to submit post trial briefs, the matter was taken under submission. The Court now makes the following findings of fact and conclusions of law.

By final judgment dated August 31, 1970, the Ninety-eighth District Court of Travis County, Texas, awarded plaintiff a divorce from defendant. The Texas court further awarded her, as part of the division of community property, "the sum of $226.25 per month from the military retirement of Andrew Franklin Wilson, beginning on the first month that such military retirement is received by Andrew Franklin Wilson, and continuing with a like sum of $226.25 per month so long as such military retirement is received by Andrew Franklin Wilson."

At the time of the decree, Texas was the legal domicile of the plaintiff and had been for more than a year. Although defendant was not domiciled in Texas, he personally appeared before the Texas court and was represented by counsel. Defendant testified that upon the advice of counsel he did not appeal the judgment.

Subsequent to the divorce, defendant retired from the Air Force and began receiving retired pay on September 1, 1971, and has continued to receive it through the date of the trial. Defendant has not paid any portion of the retired pay to his wife. Defendant apparently retired under the provisions of 10 U.S.C. § 8911 and § 8929 and is carried on the retired list of the Air Force under 10 U.S.C. § 8966 in the rank at which he retired, major. An officer on the retired list owes no service to the government and his retired pay is considered an honorary form of pension. *Geddes v. United States*, 38 Ct.Cl. 428 (1903).

Plaintiff contends that the judgment is entitled to full faith and credit and that it should be made executory by this Court. Defendant asserts that the award is invalid since the retirement did not accrue until after the judgment of divorce, and it was, therefore, erroneously classified as community property. Defendant further argues that because military retirement pay is involved, countervailing and compelling federal policies justify a departure from a strict application of the full faith and credit doctrine.

■ This Court has jurisdiction. Diversity of citizenship and jurisdictional amount are present, 28 U.S.C. § 1332. Although federal courts have traditionally refused to exercise diversity jurisdiction in a variety of

domestic relations cases under the so-called domestic relations exception to diversity jurisdiction, *Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978), this exception is inapplicable here. This is an action merely to recover a fixed sum, *Crouch v. Crouch, supra; Hemphill v. Hemphill*, 398 F.Supp. 1134 (N.D.Ga. 1975).

"* * * Nor do we perceive any strong state interest in the adjudication of this suit or any special competence on the part of the state courts, other than their superior ability to interpret state law, which is always present in diversity suits." (*Crouch v. Crouch*, 566 F.2d at 488).

See, also, *Dorey v. Dorey*, 609 F.2d 1128 (5th Cir. 1980), where an ex-wife brought a diversity action under the full faith and credit clause for the enforcement of a California judgment for support arrearages.

Section 1738 of Title 28 of the United States Code extends the full faith and credit clause of the United States Constitution (Article 4, Section 1) to all courts, federal as well as state. It is well established that the full faith and credit clause requires that a judgment rendered in one state be enforced in a second state provided that the first state had jurisdiction over the parties and the subject matter, *State of Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979); *Holden v. Holden*, 374 So.2d 749 (La.App. 3rd Cir. 1979). Just as the Louisiana courts would recognize a valid sister state judgment, so must this Court, see *Dorey v. Dorey, supra.*

■ It is clear that the Texas court had jurisdiction over the defendant and the subject matter. Furthermore, there is a presumption that a judgment is valid and the burden rests heavily upon the assailant to show that the rendering court was without jurisdiction, *Holden v. Holden, supra; Navarrette v. Laughlin*, 209 La. 417, 24 So.2d 672 (1946); *Cook v. Cook*, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951).

■ However, 28 U.S.C. § 1738 does not require federal or state courts to give a state court judgment any greater effect than it would be accorded in the state in which it was rendered, *State ex. rel Huhn v. Huhn*, 224 La. 591, 70 So.2d 391 (La.1954); *Clay v. Clay*, 322 So.2d 238 (La.App. 4th Cir. 1975), *writ den.* 325 So.2d 576 (La.1976); *Government Personal Mutual Life Insurance Co. v. Kaye*, 584 F.2d 738 (5th Cir. 1978); *Winters v. Lavine*, 574 F.2d 46 (2d Cir. 1978). The issue thus raised is whether the prior state court action bars this Court from reconsidering any defenses that the defendant may have against the Texas award to his ex-wife. This issue involves the principles of res judicata and collateral estoppel.[1]

■ Whether res judicata or collateral estoppel applies depends upon whether the second suit is on the same cause of action or not. Under federal law, the principal test for comparing causes of actions in order to tell whether res judicata or collateral estoppel is applicable is whether the primary right and duty, and the delict of wrong are the same in both actions, *Maher v. City of New Orleans*, 516 F.2d 1051 (5th Cir. 1975), *cert. denied*, 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 830; *Kemp v. Birmingham News Co.*, 608 F.2d 1049 (5th Cir. 1979).

In both the Texas case and here, the primary right and duty involved is whether the husband's future entitlement to military retirement pay is an asset of the community, entitling the wife to claim a share of it upon dissolution of the community. Although defendant may have federal or

1. Generally, state rules of res judicata and collateral estoppel would apply in a diversity action, *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Maher, supra.* Louisiana courts, as mandated by the full faith and credit clause and Section 1738, would apply the res judicata and collateral estoppel rules of the rendering state, *Brown v. Brown*, 377 So.2d 438 (La.App.2d Cir. 1979). However, where there is a federal claim involved, the federal rules have been held to apply rather than the state rules, *Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir. 1975), appeal dismissed 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137. This may be true even where the federal claim is asserted by way of a defense, 1A Moore's Federal Practice § 0.311[2].

state law defenses,[2] he has not presented a distinct "wrong" from that involved in the first suit. His defenses are merely new legal theories and are necessarily intertwined with the decision to award the plaintiff a share of his retired pay. Unlike *Maher v. City of New Orleans, supra,* where there were two distinct claims, one federal and one constitutional, defendant's state law and federal claims are not distinct. The decision that plaintiff is entitled to part of the retired pay necessarily involves a determination that Texas community property laws are applicable. Thus, under the federal rules, res judicata would apply and bar every claim that was raised in state court and would also preclude assertion of every legal theory or ground for recovery that might have been raised, *Aerojet, supra; Hall v. Tower Land and Investment Co.,* 512 F.2d 481 (5th Cir. 1975).

■ Under Texas law, res judicata bars relitigation on the same cause of action where the parties are the same and the facts are the same, *Sullivan v. State,* 572 S.W.2d 778 (Tex.Civ.App.1978); *Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex. 1971). There must also be a final judgment on the merits in the first cause of action. It is clear that the parties are the same, the facts are the same and the Texas decree was final. In *Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex.1976), the Supreme Court of Texas approved a similar award of future military benefits on the theory that such a judgment would prevent successive suits after the military benefits matured.

This suit is clearly the same cause of action as the first suit. The assertion of a theory of recovery different from that of the first suit is not enough to state a new cause of action under Texas law, *Abbott Laboratories, supra; Dobbs v. Navarro,* 506 S.W.2d 671 (Tex.Civ.App.1974). Since this is on the same cause of action, Texas rules of res judicata bar relitigation of issues connected with the first cause of action or defenses which, with the use of reasonable diligence, might have been tried as well as those which were actually litigated, *Abbott Laboratories, supra; In Interest of V. M. B., III,* 559 S.W.2d 901 (Tex.Civ.App.1977), app. for writ ref., no reversible error; *Chem-Gas Engineers, Inc. v. Texas Asphalt & Refining Co.,* 398 S.W.2d 143 (Tex.Civ. App.1965); *City of Fort Worth v. Taylor,* 162 Tex. 341, 346 S.W.2d 792 (1961).

Assuming that the Texas court judgment contains an error of state law,[3] the error does not justify limiting the rules of res judicata of full faith and credit or allowing collateral attack upon the judgment, *Fauntleroy v. Lum,* 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908); *Mitchell v. National Broadcast Co.,* 553 F.2d 265 (2d Cir. 1977);

2. Defendant's federal defense is that military retirement pay is exempt from state community property laws under the supremacy clause of the United States Constitution. Military retired pay is fixed and funded exclusively by the Congress, and military personnel make no monetary contribution during active duty. Section 8929 of Title 10 provides that a retired member of the Air Force "is entitled to retired pay" and the compelling national interest in the welfare of the armed forces is obvious. A strong argument can be made that the Congress intended each retired serviceman to receive the retired pay granted him by the national government independently of any contrary state laws and this Court has grave doubts as to the wife's right to these federal benefits, *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); *Milhan v. Milhan,* 97 Cal.App.3d 41, 158 Cal. Rptr. 523 (1979); *Cose v. Cose,* Alaska, 592

P.2d 1230 (U.S.App. Pending), cert. filed 48 L.W. 3721 (March 19, 1980).

Defendant's state law defense is that the retirement pay had not accrued at the time of the judgment and was, therefore, not community property.

3. "Most courts today generally agree that prospective retirement benefits although payable at some indefinite time in the future are nevertheless an earned property right and not a mere expectancy and thus community property." Charles H. Rennick, *Apportionment of Community Property Interests in Prospective Military Retirement Benefits Upon Divorce,* 9 St. Mary's Law Journal, pp. 72, 73 (1977). In *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976), the Texas Supreme Court found that a spouse's rights to a military pension, prior to accrual and maturity, constituted a community asset subject to consideration along with other property in dividing the estate of the spouses on dissolution of marriage.

*Perry v. Great Southern Life Insurance Co.,* 492 S.W.2d 352 (Tex.Civ.App.1973); *In Interest of V. M. B., III, supra; Pruett v. City of Minden,* 270 So.2d 614 (La.App. 2d Cir. 1972); *Fontenot v. Pan American Fire & Casualty Co.,* 209 So.2d 105 (La.App. 3rd Cir. 1968), writ refused 252 La. 460, 211 So.2d 328 (1968).

■ Even erroneous judgments may be the subject of res judicata. That doctrine is based upon the sound principle that all issues must at some point be finally and forever determined.

"A final valid judgment, even though erroneous, is not subject to collateral attack. And normally no matter how erroneous it may be on either the facts or the law it has binding res judicata and collateral estoppel effect, until properly set aside, in all of the nation's tribunals, federal and state, on the parties and their privies." (1B Moore's Federal Practice ¶ 0.405[4.—1]

■ When a state court has determined federal statutory or constitutional claims, the rules of res judicata normally apply and bar relitigation of the federal claims, *American Mannex Corp. v. Rozands,* 462 F.2d 688 (5th Cir. 1972), cert. den. 409 U.S. 1040, 93 S.Ct. 524, 34 L.Ed.2d 489; *Red Fox v. Red Fox,* 564 F.2d 361 (9th Cir. 1977). However, this may not always be the case. In *American Mannex Corp., supra,* the Fifth Circuit states that federal courts are not invariably bound to res judicata and full faith and credit principles—other well-defined federal policies may compete with those policies furthered by res judicata and full faith credit. *See also* 1B Moore's Federal Practice ¶ 0.405[11].

In *Garner v. Giarrusso,* 571 F.2d 1330 (5th Cir. 1978), the Fifth Circuit held that neither res judicata nor collateral estoppel is rigidly applied; both defenses must be qualified or rejected when their use would contravene an overriding public policy or result in manifest injustice. Garner, a former police officer, brought suit under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, § 701, et seq., as amended, 42 U.S.C. § 2000e, et seq., for alleged employment discrimination. The defendant argued that res judicata should have been applied by the district court because the New Orleans Civil Service Commission had found that the discharge was proper and not the result of racial discrimination. Garner was entitled to a de novo trial on all of his allegations of racial discrimination because the scope of the administrative hearing was much more narrow than that of the lawsuit and the Civil Service Commission was not a competent forum for the resolution of federal claims of employment discrimination brought under Title VII and Section 1983.

The Court of Appeals also noted that the application of res judicata would contravene an important public policy favoring private litigation as a means of eradicating employment discrimination, citing *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), in which the Supreme Court recognized the strong congressional policy against depriving a Title VII litigant of his right to adjudicate his claim in the federal courts even when his claim had been previously submitted to final arbitration. Defendant has made no such showing here of strong congressional policy.

In *Red Fox v. Red Fox, supra,* the Ninth Circuit held that an Indian civil rights action brought in federal court was barred by a prior Oregon state court decision. The state court had determined plaintiff's due process claims arising from an earlier tribal court ex parte divorce decree. The Ninth Circuit reasoned that plaintiff's Indian civil rights claims were the same as his due process claims and since the state court had determined the due process claims the federal action was barred by res judicata. The Court additionally noted the unique historical relationship between the American Indian and the federal government and commented:

"... The courts of the United States must be corresponding more available to adjudicate, enforce, and protect the civil rights specifically granted to the Indian peoples by the Congress. Consequently,

if a state court determination of a claim under the Indian Civil Rights Act is transparently erroneous, the District Court, in order to prevent a miscarriage of justice, need not accord full adjudicatory effect to the state court decision. Similarly, the District Court may also reach the merits of the claims · if the federal claims were not raised at all in the state court and the application of res judicata would work a serious injustice upon the claimant. That situation, however, does not exist in this case." (564 F.2d at 365).

In the case at hand, defendant has failed to convince the Court that the normal rules of res judicata should be qualified or rejected. Defendant has cited 42 U.S.C. §§ 659 and 662 which authorize garnishment of military retired pay for alimony and child support, but not property awards.[4] The fact that plaintiff may not sue the Secretary of the Air Force for garnishment of defendant's retired pay does not show congressional intent or policy to provide multiple forums for defendant. This action is basically a family law matter involving only the plaintiff and the defendant.

■ Plaintiff has failed to show that the federal argument now made was not presented to and decided by the state court. The general rule in Texas is that all issues presented by the pleadings are disposed of by the judgment unless the contrary appears from the face thereof.

> " '[A] judgment which grants part of the relief but omits reference to other relief put in issue by the pleadings will ordinarily be construed to settle all issues by implication.' " (*Vance v. Wilson*, 382 S.W.2d 107, 108 (Tex.1964), citing 4 McDonald, Texas Civil Practice, 1340, § 17.-10).

Finally, defendant has not shown that manifest injustice would occur if the Court enforces the Texas judgment. Indeed, the contrary might be the case. Defendant failed to appeal the divorce decree and he failed to bring an action to assert his feder-

al claim. It is only by way of defense that defendant has attempted to raise the issue and he does so ten years after the original adverse judgment.

■ Equitable relief from a judgment may be refused to a party if he failed to use care to protect his interests or he failed to promptly seek redress. Restatement of the Law: Judgments § 129 Contributory Fault (1942).

■ For the above reasons, the Court finds that the Texas decree is entitled to full faith and credit and will be made executory. Counsel for plaintiff is instructed to prepare and submit a formal judgment in accordance with this opinion.

---

4. It should be also noted, however, that the Congress has authorized retired officers to make assignments of retired pay "when due and payable," 37 U.S.C. § 701.