

# The Attorney General of Texas

July 8, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dan W. Heard
Criminal District Attorney
Calhoun County
P. O. Box 1001
Port Lavaca, Texas    77979

Opinion No. MW-489

Re:   Status of property con-
veyed to city of Port Lavaca
by state of Texas

Dear Mr. Heard:

In 1921, the Texas Legislature granted 75 acres of submerged land to the city of Port Lavaca.  1921 Tex. Gen. Laws, ch. 80, §1, at 158. Section 1 of the grant reads as follows:

> All right, title and interest of the State of Texas... is hereby granted to said city _for public purposes only_...  (Emphasis added).

Section 2 of the grant gives the city the power to erect buildings and other improvements for public purposes, to rent the buildings for public purposes, and to build seawalls and breakwaters.  This section also prohibits the city from taking dredging material from the bay, and from placing or permitting any building on the land except for ornamental or civic purposes.  In other sections, the state reserves the mineral rights and the right to build wharves, piers, and buildings for state or government purposes.

The city now wants to convey part of this land to a certain individual as part of the settlement of a dispute between the city and two companies which also claim an interest in the submerged lands. The settlement contract calls for the city to convey to this individual "its rights from its patent to the remainder of the fee in the franchise area of Bauer (Channel Dock and Harbor Company, Inc.) and to recognize the validity of the grant by the state of Texas to Bauer of its franchise area."  According to the terms of the agreement, the individual would become the sole stockholder of Bauer Channel Dock and Harbor Company, Inc. (hereinafter referred to as Bauer, Inc.).  You advise that Bauer, Inc., is a channel and dock company chartered by the state in 1959 under now-repealed statutes which granted channel and dock companies certain rights to use and profit from submerged lands in exchange for improving them for navigation and commerce.  However, you also inform us that there was no legislative action at that time relating to title or possession of these lands.

Your questions are as follows:

1.  Can the city of Port Lavaca legally sell any of the land patented to the city by the 1921 Legislative Act?

2.  Are there any statutes, legislative act, laws, etc., that repeal any section of the special legislation of 1921?

3.  Is the city patented area still for public purposes only today?

4.  Is the city patent a limited grant and if so, can the city of Port Lavaca convey a good, clear, fee simple title to any of the area to any individual or corporation?

Municipal property held in a governmental capacity, i.e., for a public use, cannot be sold without legislative authority but must be devoted to the uses and purposes for which it was intended. Property possessed and used by municipal corporations as public agencies of the state for the purpose of governmental administration cannot be alienated by them without special authorization. Weekes v. City of Galveston, 51 S.W. 544 (Tex. Civ. App. - 1899, writ ref'd); 10 E. McQuillin, "Municipal Corporations" §§28.37, 28.38, at 77, 83 (3rd ed. 1981). If the city of Port Lavaca owns the submerged land in trust for the public, then it cannot alienate the land without express authority from the Texas Legislature. The city's general power to sell land does not give the city the power to sell land burdened with a public trust. That power must be granted specifically. Compton v. Waco Bridge Company, 62 Tex. 715 (1883).

The legislature granted "[a]ll rights, title and interest of the State to all the land... to [the] city for public purposes only." (Emphasis added). This language, interpreted in light of the rules of construction for grants of submerged land and the circumstances surrounding the grant, shows that the legislature intended to grant the city the land for public purposes only, and that it imposed a public trust which restricts the city's power to alienate the land.

The state holds submerged lands in trust for the public. The state, as sovereign, through its legislature, may grant fee simple title to submerged lands. City of Galveston v. Menard, 23 Tex. 349 (1859). The state has, however, always had a policy to hold submerged lands in trust for the people. Title to submerged lands passes only on a very definite and express grant from the legislature. There is a presumption that title has not passed, and any grant is strictly construed against the grantee. Id.; Lorino v. Crawford Packing Company, 175 S.W.2d 410 (Tex. 1943); Hollan v. State, 308 S.W.2d 122

(Tex. Civ. App. - Fort Worth 1957, writ ref'd n.r.e.); <u>City of Galveston v. Mann</u>, 143 S.W.2d 1028 (Tex. 1940). These rules of construction support the conclusion that when the legislature granted the land "for public purposes only," it did not intend to pass fee simple, unrestricted title to the city. This language is evidence of the state's intent to protect the public's rights by imposing a public trust on the land. <u>See</u> <u>Weekes v. City of Galveston, supra,</u> (grant and later joint resolution evidenced legislature's intent to give city title to submerged land but also to impose public trust on that land); <u>Hollan v. State, supra,</u> (grant of "all right, title and interest of State of Texas... for public purposes and for the development of commerce only... [the navigation district] shall not at any time grant, convey, give or alien said lands..." held not to pass title in submerged land to navigation district). The state's reservation of the right to construct navigation improvements, docks, and wharves is consistent with this construction.

We conclude that the city of Port Lavaca owns the land in question in trust for the public. Accordingly, it is without power to convey it without express authority from the state legislature. <u>Zachry v. City of San Antonio</u>, 305 S.W.2d 558 (Tex. 1957); <u>City of Fort Worth v. Taylor</u>, 337 S.W.2d 160 (Tex. Civ. App. - Fort Worth 1960), <u>aff'd.</u> 346 S.W.2d 792 (1961); <u>Weekes v. City of Galveston, supra.</u>

It is suggested that article 969a-1, V.T.C.S., gives the city of Port Lavaca the power to convey submerged land to a private individual with no restrictions as to use. Article 969a-1, section 1, states:

> Any city to which the state of Texas or the Republic of Texas has heretofore relinquished its right, title and interest in or to any island, flats, or submerged lands be, and is hereby granted power and authority to lease, sell, option and convey all or any portion of such... submerged lands, and to enter upon development plans and contracts for any or all of these purposes with any person, firm, or corporation, public or private. The foregoing powers may be exercised at such time and upon such considerations and terms and for such periods of years as the governing body of such city shall determine to be proper and in the public interest....

It is our opinion, however, that the act does not confer upon municipalities the power to sell land held in trust for public purposes. Submerged land may be held by a municipality in either its proprietary or governmental capacity. Land held in a city's governmental capacity is subject to restrictions and duties not imposed upon land held in proprietary capacity. <u>Weekes v. City of</u>

Galveston, supra.  It has always been the policy of the state not to grant submerged lands to individuals.  Id.  The city's power to convey the submerged lands, described in article 969a-1, is limited by this longstanding policy and by the words of the grant.  Compton v. Waco Bridge Company, supra.  Submerged land granted for public purposes only cannot be conveyed to private persons for private purposes under the general authority provided by article 969a-1.

The history of grants of certain submerged lands to the city of Corpus Christi supports this reading of article 969a-1.  In 1919, the legislature conveyed certain submerged land to the city of Corpus Christi, using language almost identical to that used in the instant grant to Port Lavaca.  The legislature later ratified conveyances made by the city to private persons.  Tex. Laws 1941, ch. 40; V.T.C.S. art. 5421j.  In 1961, eight years after article 969a-1 was passed, the legislature found it necessary to convey explicitly the right to lease part of the remaining submerged land without restrictions as to use.

> The city of Corpus Christi is hereby authorized and given the power and authority to lease those certain submerged lands described in Section 4 herein and heretofore relinquished by the State of Texas to the city of Corpus Christi, to any person, firm or corporation, owning lands, landfill or shore area adjacent to the described submerged lands, without restrictions as to public or private use thereof....  (Emphasis added).

V.T.C.S. art. 5421j-2, §1.  If article 969a-1 had given the city the power to lease public lands for private purposes, the legislature would not have made this grant.  State of Texas v. Aransas Dock and Channel Company, 365 S.W.2d 220 (Tex. Civ. App. - San Antonio 1963, writ ref'd).

Article 5421j-2 limits the power of the city to lease:

> [A]ny lease shall contain a provision prohibiting the Lessee... from erecting or maintaining thereon any structure or structures, such as buildings, with the exceptions of yacht basins, boat slips, piers, dry docks, breakwaters, jetties, or the like.

Sec. 2.  It also recognizes the public's continued right to use the waters, to wit:

> [T]he right to use the waters embraced by the lease shall be reserved to the public, though the boat slips, piers [etc.] may be limited to the private use of the Lessee.

Despite the existence of article 969a-1, then, the legislature explicitly granted the city a restricted right to lease. In our opinion, article 969a-1 does not provide the kind of explicit authority necessary for a city to convey submerged land held for public purposes. Article 5421j-2 does provide such explicit authority to the city of Corpus Christi, but no such statute has been passed for the benefit of the city of Port Lavaca. A general power to sell property does not override restrictions in the instrument which conveyed the property. Compton v. Waco Bridge Company, supra.

Thus, without express legislative authority, the city of Port Lavaca may not sell any of the submerged land patented to the city in 1921. We do not address other statutes or constitutional requirements which might also be applicable.

### S U M M A R Y

The city of Port Lavaca cannot legally sell any of the submerged land patented to the city unless it receives the express authorization of the legislature, because the city holds the land in trust for the people of the city and for the public generally.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Plettman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Susan Plettman